IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GARY JONES,<br><br>   Plaintiffs,<br><br> vs.<br><br>CITY OF WAYNESBORO, ALBERTA J. ANDERSON, RICHARD H. BYNE, JAMES JONES, VICKEY BATES, BILL TINLEY, WILLIE WILLIAMS, VALERIE KIRKLAND, and WILLIE J. BURLEY,<br><br>   Defendants. | Case No.: 1:22-cv-00030-JRH-BKE |

**RULE 26(f) REPORT**

1. Date of Rule 26(f) conference: **April 5, 2022.**

2. Parties or counsel who participated in conference:

 **Jeffrey F. Peil, Esq.** and **Amanda Pennington Keen, Esq.** for Plaintiff Gary Jones;
 **Douglas Duerr, Esq., Daniel Barrett, Esq.,** and **Delia M. DeBlass, Esq.** for Defendant City of Waynesboro; and
 **Patricia Paul, Esq.** for Defendants Anderson, Byne, Jones, Bates, Tinley, Williams, Kirkland, and Burley.

3. If any defendant has yet to be served, please identify the defendant state when service is expected.

 **All Defendants have been properly served with the copies of the Summons and Complaint as reflected on the relevant affidavits of service.**

4. Date the Rule 26(a)(1) disclosures were made or will be made:

 **April 22, 2022.**

5. If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,

    (a)    Identify the party or parties making the objection or proposal:

           **None.**

    (b)    Specify the objection or proposal:

           **None.**

6. The Local Rules provide a 140-day period for discovery. If any party is requesting additional time for discovery,

    (a)    Identify the party or parties requesting additional time:

           **Plaintiff and Defendants.**

    (b)    State the number of months the parties are requesting for discovery:

           **Six (6) months.**

    (c)    Identify the reasons for requesting additional time for discovery:

           _____ Unusually large number of parties
           _____ Unusually large number of claims or defenses
           _____ Unusually large number of witnesses
           _____ Unusually large number of factual issues
           _____ Need for discovery outside the United States
              X    Other:    **COVID-19 and the number of Defendants**

    (d)    Please provide a brief statement in support of each of the reasons identified above:

           **In light of COVID-19's impact on scheduling issues, a modest extension of discovery is requested. Additionally, given the high number of defendants in this case, and the fact that most are elected officials, coordinating schedules may prove difficult, and the parties request additional time to do the same.**

7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please

    (a)    Identify the party or parties requesting such limits:

           **None.**

    (b)    State the nature of any proposed limits:

           **None.**

8. The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness reports and disclosures by plaintiff | 60 days after Rule 26(f) conference |
| Last day to furnish expert witness reports and disclosures by defendant | 90 days after Rule 26(f) conference or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of discovery |

If any party request a modification of any of these deadlines,

(a) Identify the party or parties requesting the modification:

**None.**

(b) State which deadline should be modified and the reason supporting the request:

**N/A.**

9. If the case involves electronic discovery,

(a) State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

**The parties have discussed issues regarding the preservation, disclosure, or discovery of electronically stored information, and have agreed that they will take reasonable steps to preserve all electronic records relevant to their underlying claims. The parties also agree that, to the extent practicable, they shall produce documents in searchable PDF format. The parties each retain the right to request that any electronic documents subject to production be produced in their native format in lieu of PDF format.**

(c) Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

**None.**

10. If the case is known to involve claims of privilege or protection of trial preparation material,

(a) State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

**The parties have agreed that the inadvertent, accidental, or mistaken production of privileged documents, including documents protected by the work-product or other privilege doctrines, shall not be deemed a waiver of the protections that apply to such documents or the subject matter to which they relate.**

(b) Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

**Pursuant to Federal Rules of Civil Procedure Rule 26(b)(5), and the provisions of Federal Rules of Evidence Rule 502, upon written notice (electronic or otherwise) by a party that there has been the inadvertent, accidental, or mistaken production of privileged or trade secret documents, including documents protected by the work-product or other privilege doctrines, the party receiving such notice will return the identified documents and all copies to the party providing notice within ten days of the request. If the party receiving notice contests the privileged or protected status of any of the identified documents, that party will keep the document(s) confidential and seek determination from the Court as to the status of the document(s).**

(c) Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement.

**None.**

11. State any other matters the Court should include in its scheduling order:

**1. The discovery requests previously served by Plaintiff to all defendants shall be deemed delivered as of the date of this Court's entry of the Scheduling Order.**

**2. The Parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed on the operative pleadings and/or notices of appearance (or any updated email address provided to all counsel of record). The Parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party**

Rule 26(f) Report– 4 of 6
*Gary Jones v. City of Waynesboro, et al..*
Case No.: 1:22-cv-00030-JRH-BKE

>  **shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.**

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

    **There have been preliminary settlement discussions and no agreement has been reached, but there are no specific problems causing a hindrance at this time. Without discovery, settlement is premature at this point.**

    This 11th day of April, 2022.

    Signed:   **JEFFREY F. PEIL**

    By: s/ Jeffrey F. Peil
    *Attorney for Plaintiff Gary Jones*

    Signed:   **AMANDA PENNINGTON KEEN**

    By: s/ Amanda Pennington Keen
    *Attorney for Plaintiff Gary Jones*

    Signed:   **DOUGLAS H. DUERR**

    By: s/ Douglas H. Duerr
    *Attorney for Defendant City of Waynesboro*

    Signed:   **RANDOLPH FRAILS**

    By: s/ Randolph Frails
    *Attorney for Defendant City of Waynesboro*

    Signed:   **PATRICIA T. PAUL**

    By: s/ Patricia T. Paul
    *Attorney for Defendants Anderson, Byne, Jones, Bates, Tinley, Williams, Kirkland, and Burley*

    Signed:   **PATRICK T. O'CONNOR**

    By: s/ Patrick T. O'Connor
    *Attorney for Defendants Anderson, Byne, Jones, Bates, Tinley, Williams, Kirkland, and Burley*

**SIGNATURE CERTIFICATION**

I hereby certify that **Amanda Pennington Keen,** co-counsel for Plaintiff, and **Douglas H. Duerr, Randolph Frails, Patricia T. Paul**, and **Patrick T. O'Connor**, counsels for Defendants, concur in the content of this filing and have authorized me to sign their names to this filing.

By: s/ Jeffrey F. Peil

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

By: s/ Jeffrey F. Peil