IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| GARY JONES,<br><br>             Plaintiffs,<br><br>vs.<br><br>CITY OF WAYNESBORO, ALBERTA J. ANDERSON, RICHARD H. BYNE, JAMES JONES, VICKEY BATES, BILL TINLEY, WILLIE WILLIAMS, VALERIE KIRKLAND, and WILLIE J. BURLEY,<br><br>             Defendants. | Case No.: 1:22-cv-00030-JRH-BKE |

**MOTION TO COMPEL DISCOVERY, FOR ATTORNEY'S FEES AND COSTS, AND BRIEF IN SUPPORT**

    **COMES NOW** Plaintiff Gary Jones, by and through his undersigned counsel of record, and pursuant to Federal Rule of Civil Procedure 37 moves the Court for an order compelling Defendants to fully respond to his interrogatories and requests for production, and for attorney's fees and costs, showing as follows:

**INTRODUCTION**

    This motion arises from the failures of all Defendants, but especially Defendants City of Waynesboro and Defendant Burley, to fulfill their obligations under Federal Rules of Civil Procedure 26, 33, and 34, for failing to respond to two specific, temporally limited, and highly probative interrogatories and requests for production of documents.

**BACKGROUND**

    A. **Factual Background**

    Plaintiff Gary Jones was employed by the Waynesboro Police Department, and held the rank of Major. *Compl.*, ECF No. 1-1, 17, ¶ 15. In early September of 2021, Gary Jones began to

suspect that (1) money collected by the Waynesboro Municipal Court was missing, and had not been deposited into the City of Waynesboro's account; (2) the clerk and her assistants were failing to comply with several state statutes; and (3) the clerk and her assistants were failing to comply with the rules of the Georgia Crime Information Center Council (hereinafter "GCIC") contained in Chapter 140-1, et seq. of the Rules and Regulations of the State of Georgia. *Id.* at 14, ¶ 1. He asked his supervisor, Chief of Police Willie J. Burley, to request that the Georgia Bureau of Investigation (hereinafter "GBI") conduct an investigation. *Id.* at 14-15, ¶ 1. Burley refused. *Id.* at 15, ¶ 1.

Jones then suggested to Burley that the police department should bring in an outside consultant from the City of Grovetown, at no cost to the City of Waynesboro, to, at a minimum, train the Waynesboro municipal court clerk and her assistants as to best practices, and provide a preliminary assessment of the Municipal Court's functioning. *Id.* Burley consented, and between September 9, 2021 and September 27, 2021, Laura McManus, Court Services Director of the Grovetown Municipal Court, conducted her training and investigation, and issued reports to Jones. *Id.* Those reports, and Jones' preliminary investigation, gave him reason to believe his suspicions were correct. *Id.* Jones provided McManus' reports to Burley, and identified at least nine violations of or noncompliance with the laws, rules, or regulations of Georgia law. *Id.* at 19-22, ¶¶ 27-56.

On October 20, 2021, Burley issued a letter to Jones terminating him from employment, in direct retaliation for bringing this noncompliance of regulations, and waste and abuse of public funds, to his supervisor's attention. *Id.* at 15, ¶ 1.

Particularly of note for purposes of this motion to compel is the ninth violation alleged, which is that the Defendants failed to comply with Georgia Regulation 140-2-.16(1). That regulation requires Defendants to provide training to its municipal court clerk and administrative assistants in the following six areas:

    (a) Use of the Georgia CJIS [Criminal Justice Information System] network and information files to which it provides access and CJIS network terminal operations.
    (b) Use of NCIC [National Crime Information Center].
    (c) Use of Nlets [International Public Safety and Justice Network].
    (d) Dissemination and use of CHRI.
    (e) State and national UCR [Uniform Crime Reporting] programs.

   (f) Fingerprinting arrested persons and use of the OTN [Offender Tracking Number] and CTN [Charge Tracking Number] when reporting an arrest, update or modification of an offender's criminal history record.
   (g) Preparing and submitting OBTS [Offender Based Transaction Statistics] reports with final dispositions of charges.
Rule 140-2.16(1)(a)-(g).

### B. Procedural Background

On February 8, 2022, Plaintiff filed his complaint alleging violations of the Georgia Whistleblower Protection Act ("WPA") and violations of 42 U.S.C. § 1983 in the Superior Court of Burke County. *Compl.*, ECF No. 1-1, 14. All Defendants except Vickey Bates were served with the summons, complaint, and three discovery requests (interrogatories, requests to produce, and requests to admit) on February 10, 2022. *See Affs. Of Service*, ECF No. 1-1, 99-114. Bates was served with the same on March 4, 2022.[1] Defendants removed the action to this Court on March 11, 2022. *Not. of Removal*, ECF No. 1.

The Court entered a scheduling order on April 13, 2022, which "incorporates as if fully set forth herein the parties' agreement regarding the delivery date of Plaintiff's previously served discovery. *Scheduling O.*, ECF No. 11. That agreement states as follows: "The discovery requests previously served by Plaintiff to all defendants shall be deemed delivered as of the date of this Court's entry of the Scheduling Order." *R. 26(f) Rep.*, ECF No. 10, 4, ¶ 11(1).

Rather than serve individual responses, Defendants served their joint <u>Responses and Objections to Plaintiff's First Continuing Interrogatories</u> and joint <u>Responses and Objections to Plaintiff's First Continuing Request for the Production of Documents and Things</u> on May 13, 2022. *Decl. of Jeffrey F. Peil*, Ex. 3-4. On July 15, 2022, Defendants served their joint <u>First Supplemental Responses and Objections to Plaintiff's First Continuing Interrogatories</u>. *Id.* at Ex. 10.

### C. Discovery Requests at Issue

Pursuant to L.R. 26.5, Jones set forth herein verbatim the following discovery requests and responses to which this motion is taken:

---

[1] Her affidavit of service is not in the record as it was filed in the Superior Court on March 9, 2022, and the record Defendants' prepared for removal was prepared by the Burke County Clerk of Superior Court on March 8, 2022, three days prior to removal.

**Interrogatory No. 13.**

Identify all training or retraining courses provided by any criminal justice official employed by the City of Waynesboro (or any of its department), or any outside consultant retained by the City of Waynesboro (or any of its departments), to any employee of the City of Waynesboro between January of 2017 and today's date which covered any of the topics listed below:

(a) Use of the Georgia CJIS [Criminal Justice Information System] network and information files to which it provides access and CJIS network terminal operations.
(b) Use of NCIC (National Crime Information Center).
(c) Use of Nlets [International Public Safety and Justice Network].
(d) Dissemination and use of CHRI.
(e) State and nations UCR [Uniform Crime Reporting] programs.
(f) Fingerprinting arrested persons and use of the OTN [Offender Tracking Number] and CTN (Charge Tracking Number] when reporting an arrest, update of modification of an offender's criminal history record.
(g) Preparing and submitting OBTS [Offender Based Transaction Statistics] reports with final dispositions of charges.

In answering this interrogatory, please identify the name of the instructor, any materials provided, the date(s) the course was provided, and the employees enrolled in the training course.

**Defendants' Response:**

Defendants object to Interrogatory No. 13 on grounds that it is overly broad and unduly burdensome insofar as it seeks the disclosure of specific instances of training that are provided routinely and frequently to both new and existing City personnel.

Subject to and without waiving the foregoing objections, the City states that its Police Department routinely provides in-class training to its officers and other employees regarding use of National Crime Information Center ("NCIC") and Georgia Criminal Justice Information System ("GCIC").

**Defendants' Supplemental Response:**

Defendants object to Interrogatory No. 13 on grounds that it is overly broad and unduly burdensome insofar as it seeks the disclosure of specific instances of training that are provided routinely and frequently to both new and existing City personnel.

Subject to and without waiving the foregoing objections, the City states that its Police Department routinely provides in-class training to its officers and other employees regarding use of National Crime Information Center ("NCIC") and Georgia Criminal Justice Information System ("GCIC").

**Request to Produce No. 2.**

Please produce all documents used, identified, or referenced by you in

responding to Plaintiff's First Continuing Interrogatories and Plaintiff's First Requests for Admissions, delivered to you of even date herewith.

**Defendants' Response:**

Defendants object to Request No. 2 on grounds that it seeks production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing objection, Defendants state that they will produce responsive, non-privileged documents within their possession, custody, or control.

**D. Plaintiff's Efforts to Resolve this Discovery Dispute.**

On May 23, 2022, Plaintiff's counsel wrote an email to Defendants counsel indicating he had received absolutely no documents from Defendants in response to any of his requests to produce. *Decl. of Jeffrey F. Peil*, Ex. 5. Defendants responded: "We are still working on preparing Defendants' documents for production and hope to have them together and produced by early next week." *Id.* Defendants produced 3,872 pages of documents and two media files on June 2, 2022.

On June 3, 2022, Plaintiff's counsel sent Defendant's counsel a letter which stated, *inter alia*:

> **Interrogatory No. 13**.
>
> Your response to this interrogatory is inadequate. The interrogatory is temporally limited to the period between January of 2017 and today's date, and is specifically limited to training sessions that covered one or all of seven possible subjects directly germane to this litigation. It asks you to identify four specific items for each training session: (1) the name of the instructor, (2) the materials provided, (3) the course provided, and (4) the employees enrolled in the training course. In speaking to my client, training of this type is not "routine" in any way, and surely your clients possess records from the few instances of these very limited training sessions. Your response contains none of this information. Please supplement your response to this interrogatory with the specific requested items for each training session you allege has occurred during the relevant time.

*Id.* at Exs. 6-7. The letter also requested a response by June 15, 2022, and indicated that a motion to compel would be filed if no response was given. *Id.*

On June 17, 2022, Defendants responded to Plaintiff's letter, and specifically to his concerns about Interrogatory Number 13, as follows:

> **Interrogatory No. 13**
>
> Although Defendants stand on their objection that Interrogatory No. 13 is overly

> broad and unduly burdensome because it seeks the individual identification of all specific instances of training on a variety of topics, Defendants will, in a good faith effort to resolve this dispute, gather the specific information requested and supplement their response. Specifically, Defendants will identify the name of the instructor(s) and employees trained, and the course provided, and produce the materials provided to the same in lieu of identification (to the extent such materials remain in the City's possession, custody, or control).

*Decl. of Jeffrey F. Peil*, Exs. 8-9. On July 15, 2022, Defendants filed supplemental responses to their interrogatories. *Id.* at Exs. 10-11. Regarding interrogatory number 13, their supplemental response was identical to their initial response. *Id.* at Ex. 10.

On July 22, 2022, Plaintiff's counsel emailed defense counsel, and noted: "As of right now, I have not received any supplemental documents 'in lieu of identification.' **Is this an oversight, or was this intentional?**" *Id.* at Exs. 12-13. Plaintiff asked for Defendants to respond within seven days. *Id.*

On July 29, 2022, Defendants responded that they intended to supplement their responses, but needed additional time. *Id.* at Exs. 14-15. That same day, Plaintiff responded by noting the large delays Defendants' failure had already caused in the discovery process, and asked that he receive responses by August 15, 2022. *Id.* at Ex. 16. Plaintiff's counsel received no response to this email.

On August 17, 2022, Plaintiff's counsel again contacted Defendants, and asked for a complete response to interrogatory number 13, and the corresponding request to produce number 2. *Id.* at Ex. 17. Both attorneys for Defendants responded to this email, but both indicated that no discovery responses were forthcoming. *Id.* at Exs. 18-20.

The discovery period in this case is scheduled to last from April 13, 2022 through October 4, 2022. *Scheduling O.*, ECF No. 11. Defendants have had the discovery requests at issue in this case since February 10, 2022—a period of over seven months. *See Affs. Of Service*, ECF No. 1-1, 99-114. Plaintiff's counsel has made multiple good faith efforts to confer with Defendants to resolve this discovery dispute without the Court's intervention, and those efforts have failed. Plaintiff now seeks entry of order compelling responses to Interrogatory No. 13 and Request to Produce No. 2, as required by Rule 26(a)(1). Plaintiff also seeks its attorneys' fees and costs as

Motion to Compel Discovery – **6** of **10**
*Gary Jones v. City of Waynesboro, et al.*
Case No.: 1:22-cv-00030-JRH-BKE

required by FED. R. CIV. P. 37(a)(5).

## ARGUMENT AND CITATION OF AUTHORITY

### A. Legal Standard

> Motions to compel are governed by the rules of discovery, which "require the disclosure of all relevant information so that ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts." Hence, the scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad and includes "discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action."

*Daniel Def., Inc. v. Remington Arms Co., LLC*, No. CV414-131, 2015 WL 6142883, at 2 (S.D. Ga. Oct. 19, 2015) (quotations and citations omitted). "Evidence is relevant if it has any tendency to make the existence of any fact or consequence more or less probable than it would be without the evidence." *Gonzalez v. ETourandTravel, Inc.*, No. 6:13-cv-827, 2014 WL 1250034, at *2 (M.D. Fla. Mar. 26, 2014) (quoting *United States v. Capers*, 708 F.3d 1286, 1308 (11th Cir. 2013)). "Rule 26 . . . sets forth a very low threshold for relevancy, and thus, the court is inclined to err in favor of discovery rather than against it." *Daniel Def., Inc.* at *2 (quotes and citation omitted).

A party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party fails to respond or produce documents requested under Rule 34. FED. R. CIV. P. 37(a)(3)(B). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—a court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. FED. R. CIV. P. 37(a)(5)(A).

### B. Defendants have ignored their duties to respond to interrogatory number 13, and corresponding request to produce number 2.

Interrogatory number 13 is limited in scope, is very specific, and leaves no room for the imagination. It asks Defendants to identify training sessions it put on for its employees in the past five years, and identify four specific items for each training session: (1) the name of the instructor, (2) the materials provided, (3) the course provided, and (4) the employees enrolled in the training course. Request to produce number 2 asks Defendants to produce any documents identified in their

response to this interrogatory.

That this information is relevant is indisputable. Plaintiff asserts that he was terminated for, *inter alia*, bringing to his employer's attention the fact that it was violating Georgia law by not adequately training its employees. The interrogatory question is taken almost verbatim from the Georgia regulation which imposes the obligation. Georgia police agencies have a duty to provide training in six specific areas. Interrogatory number 13 asks Defendants to identify all training sessions it has offered in those six specific areas.

Plaintiff's counsel takes seriously this Court's reminder that lawyers are professionals, and its further admonition that the "meet and confer" requirement of Rule 37 is a higher standard in this Court than in other district courts. *Scruggs v. Int'l Paper Co.*, No. CV411-203, 2012 WL 1899405, at *2 (S.D. Ga. May 24, 2012). However, Plaintiff has exhausted all reasonable efforts to obtain written discovery responses, and now asks for this Court's intervention as a last resort.

**C. Plaintiff is entitled to an award of attorneys' fees and costs.**

Plaintiff has now had to incur attorneys' fees and costs in preparing this motion and in seeking to enforce its most basic discovery rights, caused by Defendants' failure to respond appropriately to discovery requests. Pursuant to Rule 37, Plaintiff is entitled to be reimbursed for its reasonable expenses and attorneys' fees. *See* FED. R. CIV. P. 37 (a)(5)(A). Accordingly, Double Eagle requests that the Court order Defendants to reimburse Plaintiff for his reasonable expenses including attorneys' fees incurred in bringing this Motion.

## CONCLUSION

For the reasons fully set forth herein, Plaintiff respectfully requests that the Court grant this Motion and order BG to provide full and complete responses to interrogatory number 13 and request to produce number 2, and to reimburse Double Eagle for its attorneys' fees and costs.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 18, 2022 | **HUGGINS PEIL, LLC** |
|  | /s/ Jeffrey F. Peil<br>Jeffrey F. Peil (SBN 967902)<br>jpeil@hugginsfirm.com<br>7013 Evans Town Center Blvd., Suite 502<br>Evans, Georgia 30809<br>Telephone: (706) 210-9063<br>Facsimile: (706) 210-9282<br>*Attorney for Plaintiff* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Dated: August 18, 2022                                  **HUGGINS PEIL, LLC**

                                                            /s/ Jeffrey F. Peil
                                                            Jeffrey F. Peil
                                                            *Attorney for Plaintiff*