# Exhibit 5

**From:** **Daniel Barrett** barrett@elarbeethompson.com 📎
**Subject:** RE: Defendants' Joint Responses and Objections to Plaintiff's Discovery Requests [IMAN-ETSWDMS1.FID393576]
**Date:** May 23, 2022 at 4:10 PM
**To:** Jeff Peil jpeil@hugginsfirm.com
**Cc:** Amanda Pennington amanda@hugginsfirm.com, Douglas H. Duerr duerr@elarbeethompson.com, Pat O'Connor pto@olivermaner.com, Patty Paul ppaul@olivermaner.com, Randolph Frails randyfrails@frailswilsonlaw.com, Delia DeBlass delia@frailswilsonlaw.com

Jeff,

We are still working on preparing Defendants' documents for production and hope to have them together and produced by early next week.

Daniel F. Barrett
Attorney

 E L A R B E E   T H O M P S O N

Elarbee, Thompson, Sapp & Wilson LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, Georgia 30303
404-659-6700 Main
404-582-8441 Direct
404-222-9718 Fax
www.elarbeethompson.com

This e-mail message and all attachments may contain privileged and confidential legal communications/attorney work product intended solely for the use of the addressee. If the reader of this message is not the intended recipient, any reading, distribution, copying or other use of this message is prohibited and you should delete this message from all locations, and advise the sender at 404-582-8441 or by electronic mail. Thank you.

**From:** Jeff Peil <jpeil@hugginsfirm.com>
**Sent:** Monday, May 23, 2022 9:57 AM
**To:** Daniel Barrett <barrett@elarbeethompson.com>
**Cc:** Amanda Pennington <amanda@hugginsfirm.com>; Douglas H. Duerr <duerr@elarbeethompson.com>; Pat O'Connor <pto@olivermaner.com>; Patty Paul <ppaul@olivermaner.com>; Randolph Frails <randyfrails@frailswilsonlaw.com>; Delia DeBlass <delia@frailswilsonlaw.com>
**Subject:** Re: Defendants' Joint Responses and Objections to Plaintiff's Discovery Requests [IMAN-ETSWDMS1.FID393576]


**WARNING:** **This email originated from an outside source.**

Daniel:

Was it the Defendants' intention to not produce any documents in response to any of the 18 requests for production? Or is there an attachment that I am missing? Sitting here today I have absolutely no documents, and just want to make sure whether it was intentional or an oversight.

Please advise.

**Jeffrey F. Peil**
Huggins Peil, LLC
7013 Evans Town Center Boulevard
Suite 502, Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
E-mail: jpeil@hugginsfirm.com

Confidentiality Notice:
This message is being sent by or on behalf of an attorney. It is intended exclusively for
the individual or entity to which it is addressed. This communication may contain
information that is proprietary, privileged or confidential or otherwise legally
exempt from disclosure. If you are not the named addressee, you are not authorized
to read, print, retain, copy or disseminate this message or any part of it. If you have
received this message in error, please notify the sender immediately by e-mail and
delete all copies of the message.

Wire Fraud Alert:
Do not commence a wire transfer without calling the recipient, at a trusted
and independently verified phone number, and verifying the wire instructions.

> On May 13, 2022, at 4:25 PM, Daniel Barrett
> <barrett@elarbeethompson.com> wrote:
>
> All,
>
> I am attaching Defendants' joint Responses and Objections to Plaintiff's
> First Continuing Interrogatories, First Continuing Request for Production of
> Documents and Things, and First Requests for Admissions.
>
> Have a good weekend.
>
> ---
>
> Daniel F. Barrett
> Attorney
> <image001.png>
> Elarbee, Thompson, Sapp & Wilson LLP
> 800 International Tower
> 229 Peachtree Street, NE
> Atlanta, Georgia 30303
> 404-659-6700 Main
> 404-582-8441 Direct
> 404-222-9718 Fax
> www.elarbeethompson.com
>
> This e-mail message and all attachments may contain privileged and confidential legal
> communications/attorney work product intended solely for the use of the addressee. If
> the reader of this message is not the intended recipient, any reading, distribution,
> copying or other use of this message is prohibited and you should delete this message
> from all locations, and advise the sender at 404-582-8441 or by electronic mail. Thank

you.

<Defendants' Responses and Objections to Plaintiff's First Requests for Admissions (5.13.22)(1976787.1).pdf><Defendants' Responses and Objections to Plaintiff's First Request for Production of Documents (5.13.22)(1976784.1).pdf><Defendants' Responses and Objections to Plaintiff's First Continuing Interrogatories (5.13.22)(1976782.1).pdf>

# Exhibit 6

**From:** **Jeff Peil** jpeil@hugginsfirm.com  🔗
**Subject:** Discovery responses served on May 13, 2022
**Date:** June 3, 2022 at 4:22 PM
**To:** Douglas H. Duerr duerr@elarbeethompson.com, Pat O'Connor pto@olivermaner.com, Patty Paul ppaul@olivermaner.com, Delia DeBlass delia@frailswilsonlaw.com, Randolph Frails randyfrails@frailswilsonlaw.com, Daniel Barrett barrett@elarbeethompson.com

JP

---

All:

Please see the attached correspondence in the Jones v. Waynesboro matter.

**Jeffrey F. Peil**
Huggins Peil, LLC
7013 Evans Town Center Boulevard
Suite 502, Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
E-mail: jpeil@hugginsfirm.com

Confidentiality Notice:
This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Wire Fraud Alert:
Do not commence a wire transfer without calling the recipient, at a trusted and independently verified phone number, and verifying the wire instructions.



20220603 - Ltr.
to Opp...sel.pdf

# Exhibit 7

# HP HUGGINS PEIL
## Attorneys at Law

CHARLES T. HUGGINS, JR.
JEFFREY F. PEIL
AMANDA PENNINGTON KEEN

OF COUNSEL:
NOEL O. INGRAM
JOHN J. CZURA

JEFFREY F. PEIL                                                                    JPEIL@HUGGINSFIRM.COM
· LICENSED IN GEORGIA AND SOUTH CAROLINA

**June 3, 2022**

Douglas H. Duerr, Esq.                        Delia M. DeBlass, Esq.
duerr@elarbeethompson.com                     delia@frailswilsonlaw.com

Patrick T. O'Connor, Esq.                     Randolph Frails, Esq.
pto@olivermaner.com                           randyfrails@frailswilsonlaw.com

Patricia T. Paul, Esq.                        Daniel Barrett, Esq.
ppaul@olivermaner.com                         barrett@elarbeethompson.com

Re:   Gary Jones v. City of Waynesboro, et al.
      U.S. Dist. Ct. for the So. Dist. of Ga., Case No. 1:22-cv-030
      Discovery responses served on May 13, 2022.

All:

On May 13, 2022, we received your clients' consolidated responses to Plaintiff's discovery requests, and yesterday, June 2, 2022, we finally received your clients' document production. Thank you for sending that over for us to review. I am going to begin analyzing the document production today, and will be in touch if we run into any issues.

I have several concerns about the interrogatory responses, however, that I would like to try and resolve with you. I am writing you this letter to make a good faith attempt to resolve a discovery dispute, pursuant to Fed. R. Civ. P. 37, prior to filing a motion to compel discovery in this matter. We plan to file a motion to compel discovery on or after June 15, 2022, if we cannot resolve these matters amicably.

We have noted the following deficiencies in your responses:

Interrogatories

*Interrogatory No. 7.*

*Please identify each instance in which you have been arrested for, charged, accused, or indicted for a crime.*

*Response:*

# HUGGINS PEIL
## Attorneys at Law

CHARLES T. HUGGINS, JR.
JEFFREY F. PEIL
AMANDA PENNINGTON KEEN

OF COUNSEL:
NOEL O. INGRAM
JOHN J. CZURA

**JEFFREY F. PEIL**
˙ LICENSED IN GEORGIA AND SOUTH CAROLINA

JPEIL@HUGGINSFIRM.COM

> *Defendants object to Interrogatory No. 7 on grounds that it is irrelevant and immaterial to any of the claims or defenses in this action, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of discovery under the Federal Rules of Civil Procedure. Specifically, Interrogatory No. 7 fails to provide a temporal limitation and seeks non-conviction criminal record information that has no bearing on the subject matter of this action, and would be wholly inadmissible at trial as either substantive or impeachment evidence.*

As you are no doubt aware, prior bad acts and criminal convictions are admissible in civil trials for various matters, including impeachment. Regarding prior criminal acts, "the Eleventh Circuit and other courts have admitted evidence of prior bad acts under Fed. R. Crim. P. 404(b) going back as far as fifteen (15) years." Boldstar Tech., LLC v. Home Depot, Inc., No. 07-80435-CIV, 2008 WL 11320212, at *4 (S.D. Fla. Apr. 4, 2008). If you review that case, you will see it cites to several examples from many U.S. District and Appellate Courts in the Eleventh Circuit. Please supplement your response to this interrogatory with the understanding that it applies to any instance in which the act occurred, or the sentence for the act terminated, in the past fifteen years.

> ### Interrogatory No. 8.
>
> *If you have been convicted of any crimes, identify the charges for which you pleaded or were found guilty, identify the court in which you were convicted, state the amount of any fine, and the date and length of any incarceration imposed. For purposes of this interrogatory, a conviction includes a plea of nolo contendere followed by a sentence, whether or not the sentence is suspended.*
>
> ### Response:
>
> *Defendants object to Interrogatory No. 8 on grounds that it is overly broad, irrelevant and immaterial to any of the claims or defenses in this action, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of discovery under the Federal Rules of Civil Procedure. Specifically, Interrogatory No. 8 fails to identify a temporal limitation and seeks any and all convictions, regardless of the nature of the offense.*
>
> *Subject to and without waiving the foregoing objections, Defendants state that no Defendant has been convicted of any crime within the last ten (10) years.*

Your response indicates that none of the defendants have been convicted of any crime within the last ten (10) years. However, as observed above, ten years is insufficient, and the date of conviction is not as relevant as the date that any sentence was terminated. Please supplement

# HUGGINS PEIL
## Attorneys at Law

CHARLES T. HUGGINS, JR.
JEFFREY F. PEIL
AMANDA PENNINGTON KEEN

OF COUNSEL:
NOEL O. INGRAM
JOHN J. CZURA

**JEFFREY F. PEIL**
· LICENSED IN GEORGIA AND SOUTH CAROLINA

JPEIL@HUGGINSFIRM.COM

your response to this interrogatory with the understanding that it applies to any instance in which the crime occurred, or the sentence for the crime terminated, in the past fifteen years.

*Interrogatory No. 10.*

*Identify each and every legal proceeding, including any type of bankruptcy, to which you have been named as a party (other than the present action) within the last 10 years and state the style or caption of the case; whether you or your owners were a plaintiff or defendant; when, where, and in what court the action was filed; the names of all other parties; the nature of each claim, counterclaim, and cross claim; and the status of the case.*

*Response:*

*Defendants object to Interrogatory No. 10 on grounds that the term, "legal proceeding," is vague, ambiguous, and uncertain. Defendants further object to Interrogatory No. 10 on grounds that its request for "each and every" legal proceeding is overly broad, unduly burdensome, and seeks information irrelevant and immaterial to the claims or defenses in this action in that it includes proceedings wholly unrelated to the subject matter of this litigation and requires all nine (9) Defendants, including the City itself, to engage in the impossible or impracticable practice of conducting research on and listing every single legal proceeding in which they have been named for a decade.*

*Subject to and without waiving the foregoing objection, Defendants state that none of the Individual Defendants have been named as parties in any legal proceeding within the last ten (10) years. Answering further, subject to and without waiving the foregoing objections, the City will supplement its response to Interrogatory No. 10.*

You object that the term legal proceeding is vague and ambiguous, and asking for 10 years of history is overly broad and unduly burdensome. "[P]arties are generally permitted to discover the litigation history of their opponents." Boldstar Tech., LLC v. Home Depot, Inc., No. 07-80435-CIV, 2008 WL 11320212, at *4 (S.D. Fla. Apr. 4, 2008). See Coker v. Duke & Co., 177 F.R.D. 682, 686 (M.D. Ala. 1998) (observing that information as to prior complaints, disciplinary proceedings, and administrative claims is routinely produced, and noting that "[c]ourts, in a variety of contexts, have affirmed the right of litigants to be informed about lawsuits and complaints filed against their adversaries.") (citations omitted); Ortega v. FEDCAP Rehab. Servs. Inc., No. 02 Civ. 2727GBDHBP, 2003 WL 21383383, *1 (S.D.N.Y. June 16, 2003) (ADA action, permitting plaintiff to discover documents concerning complaints of discrimination against other deaf employees); Security Ins. Co. of Hartford v. Trustmark Ins. Co., 218 F.R.D. 18, 19-21 (D. Conn.

# HUGGINS PEIL
## Attorneys at Law

CHARLES T. HUGGINS, JR.
JEFFREY F. PEIL
AMANDA PENNINGTON KEEN

OF COUNSEL:
NOEL O. INGRAM
JOHN J. CZURA

**JEFFREY F. PEIL**
LICENSED IN GEORGIA AND SOUTH CAROLINA

JPEIL@HUGGINSFIRM.COM

2003) (permitting plaintiff to discover all litigation materials related to defendant's past disputes concerning defendant's failures to pay reinsurance claims, as well as to defendant's commutation, modification, or rescission of any of its reinsurance agreements).

Even more troubling is that a simple search of the dockets in the Southern District of Georgia reveals that your discovery response is simply untruthful. Not only have Messrs. Jones, Byne, and Tinley been named in at least one prior <u>in this Court</u>, they were represented by Douglas Duerr in that lawsuit. (Case No. 1:13-cv-00143-JRH-BKE). Moreover, that suit was an employment discrimination suit, much like this one, and would be directly relevant. That you knew your clients answer was untruthful, and allowed it to be submitted in response to discovery is confusing. I assume this was just an oversight.

A review of just the Burke County Superior Court documents has revealed further cases. Please supplement your response to this interrogatory with the litigation history requested.

*Interrogatory No. 13.*

*Identify all training or retraining courses provided by any criminal justice official employed by the City of Waynesboro (or any of its department), or any outside consultant retained by the City of Waynesboro (or any of its departments), to any employee of the City of Waynesboro between January of 2017 and today's date which covered any of the topics listed below:*

*(a)      Use of the Georgia CJIS [Criminal Justice Information System] network and information files to which it provides access and CJIS network terminal operations.*
*(b)      Use of NCIC (National Crime Information Center).*
*(c)      Use of Nlets [International Public Safety and Justice Network].*
*(d)      Dissemination and use of CHRI.*
*(e)      State and nations UCR [Uniform Crime Reporting] programs.*
*(f)      Fingerprinting arrested persons and use of the OTN [Offender Tracking Number] and CTN (Charge Tracking Number] when reporting an arrest, update of modification of an offender's criminal history record.*
*(g)      Preparing and submitting OBTS [Offender Based Transaction Statistics] reports with final dispositions of charges.*

*In answering this interrogatory, please identify the name of the instructor, any materials provided, the date(s) the course was provided, and the employees enrolled in the training course.*

*Response:*

# HUGGINS PEIL
## Attorneys at Law

CHARLES T. HUGGINS, JR.
JEFFREY F. PEIL
AMANDA PENNINGTON KEEN

OF COUNSEL:
NOEL O. INGRAM
JOHN J. CZURA

JEFFREY F. PEIL
· LICENSED IN GEORGIA AND SOUTH CAROLINA

JPEIL@HUGGINSFIRM.COM

*Defendants object to Interrogatory No. 13 on grounds that it is overly broad and unduly burdensome insofar as it seeks the disclosure of specific instances of training that are provided routinely and frequently to both new and existing City personnel.*

*Subject to and without waiving the foregoing objections, the City states that its Police Department routinely provides in-class training to its officers and other employees regarding use of National Crime Information Center ("NCIC") and Georgia Criminal Justice Information System ("GCIC").*

Your response to this interrogatory is inadequate. The interrogatory is temporally limited to the period between January of 2017 and today's date, and is specifically limited to training sessions that covered one or all of seven possible subjects directly germane to this litigation. It asks you to identify four specific items for each training session: (1) the name of the instructor, (2) the materials provided, (3) the course provided, and (4) the employees enrolled in the training course. In speaking to my client, training of this type is not "routine" in any way, and surely your clients possess records from the few instances of these very limited training sessions. Your response contains none of this information. Please supplement your response to this interrogatory with the specific requested items for each training session you allege has occurred during the relevant time.

### Interrogatory No. 16.

*Please identify all Waynesboro Municipal Court case files since 2012 for which final dispositions (i.e. final judgments or adjudications) were entered, but final disposition information was not submitted to the GCIC within thirty (30) days of said final disposition.*

### Response:

*Defendants object to Interrogatory No. 16 on grounds that it is overly broad and unduly burdensome in that it seeks "all" such case files dating back nine (9) years before the alleged events giving rise to Plaintiff's Complaint. Defendants further object to Interrogatory No. 16 on grounds that it seeks information already in Plaintiff's possession as part of the purported reports issued by Laura McManus.*

*Subject to and without waiving the foregoing objections, Defendants will supplement their response to Interrogatory No. 16 to identify responsive cases from January 1, 2016 through the date of Plaintiff's separation of employment.*

# HUGGINS PEIL
## Attorneys at Law

CHARLES T. HUGGINS, JR.
JEFFREY F. PEIL
AMANDA PENNINGTON KEEN

OF COUNSEL:
NOEL O. INGRAM
JOHN J. CZURA

**JEFFREY F. PEIL**
· LICENSED IN GEORGIA AND SOUTH CAROLINA

JPEIL@HUGGINSFIRM.COM

As you are aware, Plaintiff has alleged that while employed at the City of Waynesboro he discovered Municipal Court case files dating back to 2012 that had not been entered, but where final disposition information was not submitted to the GCIC within thirty (30) days. When he was terminated from employment, he lost access to all of these records, and has none of these documents in his possession. As these documents are in Defendants' sole possession, please identify all of these case files and produce them immediately.

*Interrogatory No. 17.*

*Please identify all Waynesboro Municipal Court cases since 2012 for which you have evidence of the existence of a case, but cannot locate any physical file.*

*Response:*

*Defendants object to Interrogatory No. 17 on grounds that it is overly broad and unduly burdensome in that it seeks "all" such case files dating back nine (9) years before the alleged events giving rise to Plaintiff's Complaint. Defendants further object to Interrogatory No. 17 on grounds that it seeks information already in Plaintiff's possession as part of the purported reports issued by Laura McManus.*

Again, these cases existed at the time Laura McManus did her review for Chief Burley, and as Plaintiff was terminated, none of these documents are in his possession. While the files may go back nine years "before the alleged events giving rise to Plaintiff's Complaint," they are directly germane to the allegations and they were in Defendants' possession as of at least September 9, 2021. Please identify and produce the documents requested.

*Interrogatory No. 18.*

*Please identify all Waynesboro Municipal Court cases since 2012 for which the statute of limitations expired, and the case has been submitted to the court for nolle prosequi, or is in the process of being submitted for nolle prosequi.*

*Response:*

*Defendants object to Interrogatory No. 18 on grounds that it is overly broad and unduly burdensome in that it seeks "all" such case files dating back nine (9) years before the alleged events giving rise to Plaintiff's Complaint. Defendants further object to Interrogatory No. 18 on grounds that it seeks information already in Plaintiff's possession as part of the purported reports issued by Laura McManus.*

# HUGGINS PEIL

Attorneys at Law

CHARLES T. HUGGINS, JR.
JEFFREY F. PEIL
AMANDA PENNINGTON KEEN

OF COUNSEL:
NOEL O. INGRAM
JOHN J. CZURA

**JEFFREY F. PEIL**
· LICENSED IN GEORGIA AND SOUTH CAROLINA

JPEIL@HUGGINSFIRM.COM

Again, these case files existed at the time Laura McManus did her review for Chief Burley, and as Plaintiff was terminated, none of these documents are in his possession. While the files may go back nine years "before the alleged events giving rise to Plaintiff's Complaint," they are directly germane to the allegations and they were in Defendants' possession as of at least September 9, 2021. Please identify and produce the documents requested.

*Interrogatory No. 19.*

*Please identify all Waynesboro Municipal Court cases since 2012 for which a sentence of any kind was imposed for a traffic offense, but information regarding said sentence and offense was not submitted to the Department of Community Supervision or Department of Driver Services within ten (10) days.*

*Response:*

*Defendants object to Interrogatory No. 19 on grounds that it is overly broad and unduly burdensome in that it seeks "all" such case files dating back nine (9) years before the alleged events giving rise to Plaintiff's Complaint. Defendants further object to Interrogatory No. 19 on grounds that it seeks information already in Plaintiff's possession as part of the purported reports issued by Laura McManus.*

Again, these case files existed at the time Laura McManus did her review for Chief Burley, and as Plaintiff was terminated, none of these documents are in his possession. While the files may go back nine years "before the alleged events giving rise to Plaintiff's Complaint," they are directly germane to the allegations and they were in Defendants' possession as of at least September 9, 2021. Please identify and produce the documents requested.

*Interrogatory No. 20.*

*Please identify all Waynesboro Municipal Court cases since 2012 for which money of any kind was collected before the legal adjudication of guilt.*

*Response:*

*Defendants object to Interrogatory No. 20 on grounds that it is overly broad and unduly burdensome in that it seeks "all" such case files dating back nine (9) years before the alleged events giving rise to Plaintiff's Complaint. Defendants further object to Interrogatory No. 20 on grounds that it seeks information already in Plaintiff's possession as part of the purported reports issued by Laura McManus.*

# HUGGINS PEIL
## Attorneys at Law

**CHARLES T. HUGGINS, JR.**
**JEFFREY F. PEIL**
**AMANDA PENNINGTON KEEN**

**OF COUNSEL:**
**NOEL O. INGRAM**
**JOHN J. CZURA**

**JEFFREY F. PEIL**
· LICENSED IN GEORGIA AND SOUTH CAROLINA

JPEIL@HUGGINSFIRM.COM

Again, these case files existed at the time Laura McManus did her review for Chief Burley, and as Plaintiff was terminated, none of these documents are in his possession. While the files may go back nine years "before the alleged events giving rise to Plaintiff's Complaint," they are directly germane to the allegations and they were in Defendants' possession as of at least September 9, 2021. Please identify and produce the documents requested.

Do not hesitate to reach out should you have any questions or concerns.

Warmest regards,

Jeffrey F. Peil
Attorney-at-law

Cc: Gary Jones

# Exhibit 8

# ELARBEE THOMPSON

800 INTERNATIONAL TOWER  •  229 PEACHTREE STREET, N.E.  •  ATLANTA, GEORGIA 30303
TELEPHONE: 404-659-6700  •  FAX: 404-222-9718  •  www.elarbeethompson.com
WRITER'S DIRECT DIAL: (404) 582-8432
duerr@elarbeethompson.com

June 17, 2022

**VIA E-MAIL (jpeil@hugginsfirm.com)**
Jeffrey F. Peil
Huggins Peil, LLC
7013 Evans Town Center Boulevard
Suite 502, Evans, Georgia 30809

RE:   **Gary Jones v. City of Waynesboro, et al.**
       **Case No. 1:22-cv-030**
       **Response to Letter Dated June 3, 2022**

Jeff,

We are in receipt of your letter dated June 3, 2022.  As explained below, we stand on our objections to Plaintiff's First Continuing Interrogatories; however, we are willing to compromise and/or further confer in a good faith effort to address your concerns and resolve the discovery disputes you raise.  In the event you still disagree with our objections and/or responses to the referenced interrogatories after reviewing the below, we request, pursuant to Fed. R. Civ. P. 37(a)(1) and Judge Epps' Discovery Dispute Resolution Procedures, that we continue to confer in good faith by phone call and/or a conference with the Court before you proceed to file a motion to compel.

## Interrogatory No. 7

Defendants stand on their objections to Interrogatory No. 7 as irrelevant and immaterial to any of the claims or defenses in this action, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of discovery under the Federal Rules of Civil Procedure.

As an initial matter, your contention that evidence of arrests, charges, accusations, or indictments are akin to criminal conviction records or evidence of bad acts is incorrect. As you know, Fed R. Evid. 404 and 609 authorize the admission of criminal convictions

Jeffrey F. Peil
June 17, 2022
Page 2

and prior bad acts for substantive and impeachment evidence under limited circumstances. These rules do not, however, reference or authorize the admission of evidence of non-conviction criminal legal proceedings initiated against parties to litigation.

Relatedly, you improperly cast this non-conviction criminal history information as evidence of "prior bad acts."  Prior bad acts, to the extent they differ from criminal convictions, are meant to encompass testimonial evidence that a party engaged in some criminal or otherwise wrongful behavior.  Evidence of arrests, charges, accusations, or indictments fall short of 'bad acts' evidence because they lack the force of testimony and can often result from mistakes or otherwise false accusations.  Just as evidence of non-prosecution is inadmissible to prove innocence, the fact of a criminal legal proceeding being *initiated* is not conclusive, and is entirely irrelevant to the question, of whether a person engaged in a bad act.

Moreover, even if arrests, charges, accusations, and indictments could be considered prior bad acts, such instances are not automatically relevant or reasonably calculated to lead to the discovery of admissible evidence.  Indeed, Fed. R. Evid. 404(b) states that prior bad acts evidence is only admissible for some purpose other than to prove action in conformity with character, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Defendants can imagine no scenario in which Plaintiff would have any purpose for non-conviction criminal history information other than to demonstrate that Defendants acted in conformity with the actions alleged in those non-conviction events, and/or for the improper purpose of harassing and/or embarrassing Defendants.  This evidence presumably does not relate to any of the authorized uses listed in or contemplated by Fed. R. Evid. 404(b), quite unlike the evidence involved in the case you cite for support—Boldstar Tech., LLC v. Home Depot, Inc., No. 07-80435-CIV, 2008 WL 11320212, at *4 (S.D. Fla. Apr. 4, 2008)—in which the plaintiff alleged patent infringement and the defendant's willfulness was a material issue to the litigation.[1]    Rather, the claims at issue in this action involve no questions about the willfulness of Defendants' conduct with respect to Plaintiff's employment, nor does non-conviction criminal history information relate in any way to the state of mind of Defendants regarding the claims and defenses at issue here.

---

[1] This case is also inapposite because the interrogatory at issue there sought only the identification of civil lawsuits initiated against the defendant for patent infringement, not the unlimited identification of any and all criminal history information, regardless of the nature of the alleged offense, that did not actually result in a conviction.  Id.  The case law that Boldstar Tech., LLC cites, while noting in passing that criminal conviction evidence dating back fifteen (15) years may be admissible, are exclusively reported federal criminal cases, in which criminal history information may be germane to the issues being adjudicated.  It is difficult to understand how such information could be so relevant here.

Jeffrey F. Peil
June 17, 2022
Page 3

In sum, Plaintiff's pursuit of discovery related to non-conviction criminal history information is without support, and Defendants will not provide such information in the absence of some further showing of relevance to the claims or defenses in this action.

**Interrogatory No. 8**

Defendants similarly stand by their objections to Interrogatory No. 8 but are willing to compromise and provide reasonable supplemental discovery. First, while your letter suggests that you now seek criminal convictions and/or sentence terminations dating back fifteen (15) years, Interrogatory No. 8 contains no temporal limitation and we have received no additional interrogatories containing such a temporal limitation.

To the extent you now seek only bad acts and criminal convictions dating back fifteen (15) years, Defendants acknowledge Eleventh Circuit case law that holds such evidence could be admissible under some circumstances; however, such case law does not express an opinion on whether sentencing information is admissible or discoverable where the conviction is beyond fifteen (15) years. Moreover, the temporal limitation of Interrogatory No. 8 is less concerning than the absence of limitation regarding the nature of the offense. As it currently reads, Interrogatory No. 8 could be construed to encompass any and all offenses, no matter how minor, including traffic and parking tickets with no conceivable relevance to any issue in this litigation, including impeachment.

In an effort to resolve this dispute in good faith, Defendants will supplement their response to Interrogatory No, 8 to reflect any criminal convictions entered against any Defendant within the last fifteen (15) years that are either crimes involving dishonesty or moral turpitude, or felonies.

**Interrogatory No. 10**

Your specific concerns about Defendants' response to Interrogatory No. 10 and the breadth of information you now seek remain unclear to Defendants. Defendants agree that parties are generally entitled to discover the litigation history of their adversaries, but this entitlement is not unlimited. In fact, the authority you cite for support suggests just the opposite. In Boldstar Tech., LLC, for example, the court determined that a request seeking civil litigation information dating twenty years was overly broad and instead restricted the sought discovery to fifteen (15) years. Id. at *4.

There is no basis for seeking the entire litigation history of Defendants without any temporal limitation and Defendants will therefore continue to identify civil legal proceedings in which they have been named parties within the last ten (10) years. To the

Jeffrey F. Peil
June 17, 2022
Page 4

extent Defendants originally omitted responsive information regarding past legal proceedings, Defendants apologize for that oversight and will promptly supplement their response to Interrogatory No. 10.

**Interrogatory No. 13**

Although Defendants stand on their objection that Interrogatory No. 13 is overly broad and unduly burdensome because it seeks the individual identification of all specific instances of training on a variety of topics, Defendants will, in a good faith effort to resolve this dispute, gather the specific information requested and supplement their response. Specifically, Defendants will identify the name of the instructor(s) and employees trained, and the course provided, and produce the materials provided to the same in lieu of identification (to the extent such materials remain in the City's possession, custody, or control).

**Interrogatories No. 16-20**

Again, Defendants retain their objections to Interrogatories No. 16-20, which seek certain categories of case files dating back nine (9) years before the events underlying this action, on grounds that it is overly broad and unduly burdensome.  Furthermore, while your interrogatories and letter make clear that your purpose is to have Defendants recreate the detail underlying the substance of Ms. McManus's report, which details Ms. McManus unfortunately did not provide to Defendants, Defendants are without information as to how Ms. McManus went about preparing her report and identifying any of the cases to which she refers generally as support for her conclusions.  Nonetheless, Defendants are open to having a dialogue with you as to how to identify and provide such information and documents to you in a way that complies with legal requirements to access to court and criminal records, minimizes the burden and protects the privacy interests of third parties. Please let me know if you are willing to have that dialogue and, if so, how you would provide proceeding.

Jeffrey F. Peil
June 17, 2022
Page 5

     I believe that the foregoing fully responds to your letter of January 3, 2022, but if you feel that it did not and/or wish to provide any reply that may help us avoid any involvement of the court, for example, through a phone call amongst the attorneys or a conference with the Court, please let me know.

                       Sincerely,

                       *s/Douglas H. Duerr*
                       Douglas H. Duerr

DHD:DFB

cc:   Daniel F. Barrett
      Amanda P. Keen
      Patricia Paul
      Patrick O'Sullivan
      Delia DeBlass
      Randolph Frails

# Exhibit 9

**From:** **Tamrisa Matlock** Tamrisa@elarbeethompson.com 📎
**Subject:** Jones v. City of Waynesboro [Civil No. 1:22-cv-030] [IMAN-ETSWDMS1.FID393576]
**Date:** June 17, 2022 at 2:58 PM
**To:** Jeff Peil jpeil@hugginsfirm.com, Patty Paul ppaul@olivermaner.com, pto@olivermaner.com, randyfrails@frailswilsonlaw.com, delia@frailswilsonlaw.com, Amanda Pennington amanda@hugginsfirm.com
**Cc:** Douglas H. Duerr duerr@elarbeethompson.com, Daniel Barrett barrett@elarbeethompson.com

Mr. Peil,

On behalf of Mr. Duerr, I am attaching a *Response to Letter Dated June 3, 2022,* in the above-referenced matter. If you have any questions or concerns, please contact Mr. Duerr.

Thank you.

Tamrisa Matlock
Legal Assistant/ Paralegal for Douglas H. Duerr

 ELARBEE THOMPSON

Elarbee, Thompson, Sapp & Wilson LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, Georgia 30303
404/582-8450 Direct
404/222-9718 Fax
404/659-6700 Firm


06.17.22
Discov...eil.pdf

# Exhibit 10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| GARY JONES | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.: 1:22-CV-030 |
| v. | ) |
| | ) |
| CITY OF WAYNESBORO, ALBERTA | ) |
| J. ANDERSON, RICHARD H. BYNE, | ) |
| JAMES JONES, VICKEY BATES, BILL | ) |
| TINLEY, WILLIE WILLIAMS, | ) |
| VALERIE KIRKLAND, and WILLIE J. | ) |
| BURLEY, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST CONTINUING INTERROGATORIES

COME NOW Defendants City of Waynesboro (the "City") and, in their individual and official capacities, Alberta J. Anderson, Richard H. Byne, James Jones, Vickey Bates, Bill Tinley, Willie Williams, Valerie Kirkland, and Willie J. Burley (the "Individual Defendants") (collectively, "Defendants"), and, pursuant to Rule 33 of the Federal Rules of Civil Procedure, jointly submit their First Supplemental Responses and Objections to Plaintiff's First Interrogatories as follows:

## I.     GENERAL STATEMENTS

A.     The Responses set forth herein constitute the best information presently available to Defendants.   The Defendants, however, have not completed their discovery and/or investigation of the facts underlying this matter.  Accordingly, the Responses set forth herein are provided without prejudice to the Defendants' right to amend, supplement or change said Responses if and/or when additional, different or more accurate information becomes available.  Moreover, said Responses are subject to correction for inadvertent errors or omissions, if any such errors or omissions are later found to exist.

B.     By responding to Plaintiff's First Interrogatories, Defendants do not waive any objections that may be appropriate to the use, for any purpose, by any party, of any of the information contained in or derived from the Responses set forth herein or to the admissibility, relevancy or materiality of any such information as to any issue in this case.

## II.     STANDING OBJECTIONS

A.     Defendants object to Plaintiff's First Interrogatories to the extent said Interrogatories seek the disclosure of the mental impressions, conclusions, opinions, computations, calculations, projections, reasoning, legal theories or other work product of Defendants' attorneys or any other of its representatives on the grounds that said Interrogatories would require Defendants to respond by providing

information protected under the attorney client privilege and/or the work product doctrine.

B.      Defendants object to Plaintiff's First Interrogatories to the extent said Interrogatories are unduly vexatious or burdensome or are calculated or would otherwise operate to oppress, unduly burden or cause undue expense to Defendants or to annoy or embarrass any individual(s) not a party to this action on the grounds that said Interrogatories exceed the scope of permissible discovery under the <u>Federal Rules of Civil Procedure</u>.

C.      Defendants object to Plaintiff's First Interrogatories to the extent said Interrogatories require Defendants to respond by acquiring or supplying information that is irrelevant or immaterial to the subject matter or issues of this action and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Interrogatories exceed the scope of permissible discovery under the <u>Federal Rules of Civil Procedure</u>.

## III.     <u>RESPONSES AND OBJECTIONS TO INTERROGATORIES</u>

Subject to and without waiving the foregoing objections, Defendants respond and/or object to Plaintiff's First Interrogatories as follows:

### <u>Interrogatory No.1:</u>

State the name. address. and title of each and every person who has assisted in the answering of these interrogatories.

### <u>Response:</u>

- 3 -

Defendants identify the following individuals, who may be contacted through the undersigned counsel for Defendants:

- Alberta J. Anderson, former City Council Member;

- Richard H. Byne, City Council Member;

- James Jones, Vice Mayor of the City;

- Vickey Bates, City Council Member;

- Bill Tinley, City Council Member;

- Willie Williams, City Council Member;

- Valerie Kirkland, City Manager;

- Willie J. Burley, Chief of Police;

- Angela Reeves, Clerk of Municipal Court.

**Interrogatory No. 2.**

> Identify each and every person you expect to call as a witness at the trial of this matter, and with regard to each such person identified state with specificity the substance of the expected testimony.

**Response:**

Defendants object to Interrogatory No. 2 on grounds that a request to describe the complete scope of expected testimony by non-expert witnesses is overly broad, unduly burdensome, and exceeds the scope of permissible discovery by mere interrogatories. Defendants further object to Interrogatory No. 2 on grounds that it

is premature, as discovery in this action just began and Defendants' investigation of the matter remains ongoing.

Subject to and without waiving the foregoing objection, Defendants refer to and incorporate its response to Interrogatories No. 1 and 4. Answering further, Defendants reserve the right to identify further witnesses by supplementing its response to Interrogatory No. 2 and/or complying with its obligations under a pretrial order entered by the Court.

**Interrogatory No. 3.**

Identify each and every person you expect to call as an expert witness at the trial of this matter, and with respect to each, state the following:

(a) Subject matter on which the expert is expected to testify;
(b) The substance of the facts and opinions to which the expert is expected to testify; and
(c) A summary of the grounds for each such opinion.

**Response:**

Defendants do not anticipate that they will engage or call an expert witness at the trial of this matter. Defendants will supplement their response to Interrogatory No. 3 pursuant to Federal Rule of Civil Procedure 26 should they later retain an expert.

**Interrogatory No. 4.**

State the name, address, and telephone number of each person known or believed by you to have information or knowledge relating to the allegations of the complaint, any defense you may raise to these allegations, including your denial of any allegation, or to the facts and

circumstances out of which this action arises, and for each such person state the nature and substance of the information or knowledge you believe he has.

**Response:**

In addition to the parties, Defendants refer to and incorporate its Initial Disclosure No. 1 in this action. Defendants further identify the following individuals believed to have information or knowledge relating to the allegations of the complaint and/or Defendants' defenses:

**LaTonya Wimberly**

c/o Douglas Duerr

Elarbee Thompson Sapp & Wilson, LLP

800 International Tower

229 Peachtree Street

Atlanta, Georgia 30303

(404) 659-6700

Ms. Wimberly may have knowledge regarding Plaintiff's employment with the City, his allegations related to the same, and the employment of other relevant City personnel.

**Tyronda Dixon**

c/o Douglas Duerr

Elarbee Thompson Sapp & Wilson, LLP

800 International Tower

229 Peachtree Street

Atlanta, Georgia 30303

(404) 659-6700

Ms. Dixon may have knowledge regarding the City's and/or Municipal Court's financial reconciliation process.

**Timi Tucker**

c/o Douglas Duerr

Elarbee Thompson Sapp & Wilson, LLP

800 International Tower

229 Peachtree Street

Atlanta, Georgia 30303

(404) 659-6700

Ms. Tucker may have knowledge regarding Plaintiff's allegations and certain processes and procedures followed by the City's Municipal Court.

**Naise Gordon**

Last Known Address:

P.O. Box 624

Hephzibah, Georgia 30815

Ms. Gordon may have knowledge of Plaintiff's employment and the allegations asserted in his Complaint.

**Chadwick D. Medlin, Esq.**

Harrison & Medlin, P.C.

254 North Belair Road, P.O. Box 3225, Evans, Georgia 30809

Mr. Medlin may have knowledge of the information and policies provided to Plaintiff regarding appeal procedures during the pendency of Plaintiff's appeal regarding the termination of his employment with the City.

**Supplemental Response:**

**Laura McManus**

**Grovetown, Georgia 30813**

**Ms. McManus may have knowledge of certain allegations asserted in Plaintiff's Complaint.**

**<u>Interrogatory No. 5</u>.**

Set forth the names and addresses of all insurance companies which have insurance coverage and/or a duty to defend relating to the claims set forth in the complaint, and set forth the number or numbers of the policies involved and the amount or amounts of coverage provided in each policy.

**<u>Response:</u>**

The City has insurance coverage through a single policy, set forth in a Member Coverage Agreement, by the Georgia Interlocal Risk Management Agency

("GIRMA").  As promised in Defendants Initial Disclosures, and in lieu of further description, Defendants will permit inspection and copying, at a time and place mutually convenient to the Parties, of the Member Coverage Agreement and GIRMA's reservation of rights.

**<u>Interrogatory No. 6</u>.**

> If you contend you are improperly identified in the complaint, give the proper identification and state whether counsel will accept service of an amended summons and pleadings reflecting the correct information.

**<u>Response</u>:**

Defendants contend that they should not be named in Plaintiff's complaint because the allegations and claims contained therein are without merit and should be dismissed; however, Defendants do not contend that the personal identifying information, including Defendants' names and addresses, listed in the complaint are improper.

**<u>Interrogatory No. 7</u>.**

> Please identify each instance in which you have been arrested for, charged, accused, or indicted for a crime.

**<u>Response</u>:**

Defendants object to Interrogatory No. 7 on grounds that it is irrelevant and immaterial to any of the claims or defenses in this action, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of discovery

under the Federal Rules of Civil Procedure.  Specifically, Interrogatory No. 7 fails to provide a temporal limitation and seeks non-conviction criminal record information that has no bearing on the subject matter of this action, and would be wholly inadmissible at trial as either substantive or impeachment evidence.

**Interrogatory No. 8.**

> If you have been convicted of any crimes, identify the charges for which you pleaded or were found guilty, identify the court in which you were convicted, state the amount of any fine, and the date and length of any incarceration imposed.  For purposes of this interrogatory, a conviction includes a plea of nolo contendere followed by a sentence, whether or not the sentence is suspended.

**Response:**

Defendants object to Interrogatory No. 8 on grounds that it is overly broad, irrelevant and immaterial to any of the claims or defenses in this action, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of discovery under the Federal Rules of Civil Procedure.  Specifically, Interrogatory No. 8 fails to identify a temporal limitation and seeks any and all convictions, regardless of the nature of the offense.

Subject to and without waiving the foregoing objections, Defendants state that no Defendant has been convicted of any crime within the last ten (10) years.

**Supplemental Response: No Defendant has been convicted of a crime involving dishonesty or moral turpitude, or a felony, within the last fifteen (15) years.**

- 10 -

**Interrogatory No. 9.**

Set forth a list of photographs, plats, sketches, digital images, drawings, or other prepared documents in possession of the party that relate to the claim or defense in the case.

**Response:**

Defendants object to Interrogatory No. 9 to the extent it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendants further object to Interrogatory No. 9 on grounds that the phrase, "or other prepared documents," is vague, ambiguous, and uncertain, as Defendants cannot ascertain whether Plaintiff seeks documents of a specific kind or prepared by a specific source, or whether Plaintiff simply asks Defendants to identify every single document related to the action in its possession, custody, or control. To the extent Plaintiff seeks the identification of every single document related to the action, Defendants further object on grounds that such a request is overly broad and unduly burdensome, as it would require the individual identification of nearly every document produced by Defendants in this action.

Subject to and without waiving the foregoing objections, Defendants state that they have no responsive photographs, plats, sketches, digital images, or drawings in their possession, custody, or control.

**Interrogatory No. 10.**

Identify each and every legal proceeding, including any type of bankruptcy, to which you have been named as a party (other than the

present action) within the last 10 years and state the style or caption of the case; whether you or your owners were a plaintiff or defendant; when, where, and in what court the action was filed; the names of all other parties; the nature of each claim, counterclaim, and cross claim; and the status of the case.

**<u>Response</u>:**

Defendants object to Interrogatory No. 10 on grounds that the term, "legal proceeding," is vague, ambiguous, and uncertain.  Defendants further object to Interrogatory No. 10 on grounds that its request for "each and every" legal proceeding is overly broad, unduly burdensome, and seeks information irrelevant and immaterial to the claims or defenses in this action in that it includes proceedings wholly unrelated to the subject matter of this litigation and requires all nine (9) Defendants, including the City itself, to engage in the impossible or impracticable practice of conducting research on and listing every single legal proceeding in which they have been named for a decade.

Subject to and without waiving the foregoing objection, Defendants state that none of the Individual Defendants have been named as parties in any legal proceeding within the last ten (10) years.  Answering further, subject to and without waiving the foregoing objections, the City will supplement its response to Interrogatory No. 10.

**Supplemental Response: Defendants state that, not including this action, certain Defendants have been named in the following legal proceedings within the last ten (10) years:**

- *Curtis M. St. Germaine v. City of Waynesboro, Jerry L. Coalson, and Pauline Jenkins*, **Superior Court of Burke County, Civil Action No. 2012-V-0018.  This action was filed on or around February 28, 2012, and is now closed.**

- *Bobby Brady v. Labor Commissioner and City of Waynesboro*, **Superior Court of Burke County, Civil Action No. 2012-V-0085.  This action was filed on or around July 6, 2012 and is now closed.**

- *Capital One Bank (USA), N.A. v. Chiquita E. Rodgers, Garnishee, and City of Waynesboro*, **Superior Court of Burke County, Civil Action No. 2012-V-0106.  This action was filed on or around September 4, 2012 and is now closed.**

- *Mary S. Bennett v. City of Waynesboro, Pauline Jenkins, Herman Brown, Richard Byne, James Jones, Brenda Lewis, Bill Tinley, Portia Washington, City of Waynesboro Police Department, and Alfonzo Williams*, **Superior Court of Burke County, Civil Action No. 2013-V-0046.  This action was filed on or around May 24, 2013, was removed to the United States District Court for the Southern District of Georgia, and is now closed.**

- 13 -

- ***Mary S. Bennett v. City of Waynesboro, Pauline Jenkins, Herman Brown, Richard Byne, James Jones, Brenda Lewis, Bill Tinley, Portia Washington, and Alfonzo Williams***, Case No.: 1:13-cv-00143-JRH-BKE, United States District Court for the Southern District of Georgia (Augusta Division). This action was removed to this Court on or around August 9, 2013 and is now closed.

- ***Wallace Doe and Anne N. Doe v. City of Waynesboro***, Superior Court of Burke County, Civil Action No. 2016-V-0068.  This action was filed on or around November 16, 2016 and is now closed.

- ***State of Georgia v. City of Waynesboro and Herman Brown***, Superior Court of Burke County, Civil Action No. 2016-V-0073.  This action was filed on or around November 29, 2016 and is now closed.

- ***Midland Funding LLC v. City of Waynesboro and Shiloh Everhart***, Superior Court of Burke County, Civil Action No. 2018-V-0030.  This action was filed on or around April 24, 2018 and is now closed.

- ***Gary Jones v. City of Waynesboro, Alberta J. Anderson, Richard H. Byne, James Jones, Vickey Bates, Bill Tinley, Willie Williams, Valerie Kirkland, and Willie J. Burley***, Superior Court of Burke County, Civil Action No. 2022V0006.  This action was filed on or around February 28, 2022 and

**was removed to the United States District Court for the Southern District of Georgia.**

## Interrogatory No. 11.

State whether you or anyone on your behalf has investigated the facts relevant to allegations in the above-styled action. If so, identify each person who conducted the investigation and the date(s) of the investigation, each person interviewed and whether any statement (whether oral, written, recorded, or videotaped) was obtained from each such person, and all documents that evidence or relate to the investigation (including but not limited to reports, statements, photographs, and video recordings).

## Response:

Defendants object to Interrogatory No. 11 to the extent it seeks information or documents protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing objection, Defendants state that Valerie Kirkland, in her official capacity as City Manager and on behalf of the City, conducted an investigation of reported concerns by Plaintiff regarding Municipal Court funds. Answering further, the City will produce copies of responsive, non-privileged documents upon which Ms. Kirkland relied and/or which Ms. Kirkland prepared during the course of her investigation on behalf of the City.

## Interrogatory No. 12.

Please identify all written documents that evidence the official business of the City of Waynesboro between the period of August, 2021 and today, that are in your possession, including but not limited to meeting

minutes, meeting agendas, transcripts, emails, voting tabulations, letters, notes, etc., and which contain any reference to Gary Jones, his employment, his termination, any investigation conducted by any Waynesboro employee, any report or recommendation regarding his employment, or any public statements he has made.

**Response:**

Defendants identify the Regular City Council Meeting Minutes of October

18, 2021, which Defendants will produce.

**Interrogatory No. 13.**

Identify all training or retraining courses provided by any criminal justice official employed by the City of Waynesboro (or any of its department), or any outside consultant retained by the City of Waynesboro (or any of its departments), to any employee of the City of Waynesboro between January of 2017 and today's date which covered any of the topis listed below:

(a) Use of the Georgia CJIS [Criminal Justice Information System] network and information files to which it provides access and CJIS network terminal operations.
(b) Use of NCIC (National Crime Information Center).
(c) Use of Nlets [International Public Safety and Justice Network].
(d) Dissemination and use of CHRI.
(e) State and nations UCR [Uniform Crime Reporting] programs.
(f) Fingerprinting arrested persons and use of the OTN [Offender Tracking Number] and CTN (Charge Tracking Number] when reporting an arrest, update of modification of an offender's criminal history record.
(g) Preparing and submitting OBTS [Offender Based Transaction Statistics] reports with final dispositions of charges.

- 16 -

In answering this interrogatory, please identify the name of the instructor, any materials provided, the date(s) the course was provided, and the employees enrolled in the training course.

**Response:**

Defendants object to Interrogatory No. 13 on grounds that it is overly broad and unduly burdensome insofar as it seeks the disclosure of specific instances of training that are provided routinely and frequently to both new and existing City personnel.

Subject to and without waiving the foregoing objections, the City states that its Police Department routinely provides in-class training to its officers and other employees regarding use of National Crime Information Center ("NCIC") and Georgia Criminal Justice Information System ("GCIC").

**Interrogatory No. 14.**

Please describe in detail your understanding of how Waynesboro stores documents containing Criminal History Record Information, including but not limited to how said documents are secured.

**Response:**

The City states that it stores documents containing Criminal History Record Information in physical form within locked file cabinets located in the Police Department's offices. Timi Tucker is currently responsible for file maintenance and storage. In compliance with its state certifications and GCIC

- 17 -

auditing procedures, the City stores such Criminal History Record Information

for one (1) year.

## Interrogatory No. 15.

> Please describe in detail your understanding of how Waynesboro stores
> documents containing "Secret Data," as such term is defined in Rule
> 140-1-,02(2)(c)3 of the Rules and Regulations of the State of Georgia,
> including but not limited to how said documents are secured.

## Response:

The City objects to Interrogatory No. 15 on grounds that it is irrelevant and

immaterial to any claim or defense in the action and not reasonably calculated to

lead to the discovery of admissible evidence.

## Interrogatory No. 16.

> Please identify all Waynesboro Municipal Court case files since 2012
> for which final dispositions (i.e. final judgments or adjudications) were
> entered, but final disposition information was not submitted to the
> GCIC within thirty (30) days of said final disposition.

## Response:

Defendants object to Interrogatory No. 16 on grounds that it is overly

broad and unduly burdensome in that it seeks "all" such case files dating back

nine (9) years before the alleged events giving rise to Plaintiff's Complaint.

Defendants further object to Interrogatory No. 16 on grounds that it seeks

information already in Plaintiff's possession as part of the purported reports

issued by Laura McManus.

- 18 -

Subject to and without waiving the foregoing objections, Defendants will supplement their response to Interrogatory No. 16 to identify responsive cases from January 1, 2016 through the date of Plaintiff's separation of employment.

**Interrogatory No. 17.**

Please identify all Waynesboro Municipal Court cases since 2012 for which you have evidence of the existence of a case, but cannot locate any physical file.

**Response:**

Defendants object to Interrogatory No. 17 on grounds that it is overly broad and unduly burdensome in that it seeks "all" such case files dating back nine (9) years before the alleged events giving rise to Plaintiff's Complaint. Defendants further object to Interrogatory No. 17 on grounds that it seeks information already in Plaintiff's possession as part of the purported reports issued by Laura McManus.

**Interrogatory No. 18.**

Please identify all Waynesboro Municipal Court cases since 2012 for which the statute of limitations expired, and the case has been submitted to the court for nolle prosequi, or is in the process of being submitted for nolle prosequi.

**Response:**

Defendants object to Interrogatory No. 18 on grounds that it is overly broad and unduly burdensome in that it seeks "all" such case files dating back

nine (9) years before the alleged events giving rise to Plaintiff's Complaint. Defendants further object to Interrogatory No. 18 on grounds that it seeks information already in Plaintiff's possession as part of the purported reports issued by Laura McManus.

**Interrogatory No. 19.**

> Please identify all Waynesboro Municipal Court cases since 2012 for which a sentence of any kind was imposed for a traffic offense, but information regarding said sentence and offense was not submitted to the Department of Community Supervision or Department of Driver Services within ten (10) days.

**Response:**

Defendants object to Interrogatory No. 19 on grounds that it is overly broad and unduly burdensome in that it seeks "all" such case files dating back nine (9) years before the alleged events giving rise to Plaintiff's Complaint. Defendants further object to Interrogatory No. 19 on grounds that it seeks information already in Plaintiff's possession as part of the purported reports issued by Laura McManus.

**Interrogatory No. 20.**

> Please identify all Waynesboro Municipal Court cases since 2012 for which money of any kind was collected before the legal adjudication of guilt.

**Response:**

Defendants object to Interrogatory No. 20 on grounds that it is overly broad and unduly burdensome in that it seeks "all" such case files dating back nine (9) years before the alleged events giving rise to Plaintiff's Complaint. Defendants further object to Interrogatory No. 20 on grounds that it seeks information already in Plaintiff's possession as part of the purported reports issued by Laura McManus.

**Interrogatory No. 21.**

> Please identify all measures taken by you after receiving the reports of Laura McManus (attached as Exhibits "A". "B", and "C" to Plaintiff's Complaint) to remedy the violations of rules and laws identify (*sic*), and particularly describe the corrective action taken, the date of said action, and the person or persons who performed said corrective action.

**Response:**

Defendants object to Interrogatory No. 21 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.  Defendants further object to Interrogatory No. 21 on grounds that it assumes facts not in evidence and calls for a legal conclusion insofar as it seeks an express or implied admission that the City engaged in "violations of rules and laws."

Subject to and without waiving the foregoing objections, the City states that, following the reports issued by Laura McManus and the ensuing investigation conducted by City Manager Valerie Kirkland, the City instituted a change in its accounting policies and practices to ensure monthly reconciliations.

**Interrogatory No. 22.**

Please state the conclusion(s) of any investigation in which you partook regarding Gary Jones' suggestion that funds collected from the Waynesboro Municipal Court could not be accounted for. In stating your conclusion, please identify who participated in said investigation, how you accounted for said funds, and your determination as to whether any funds were, in fact, unaccounted for.

**Response:**

The investigation conducted by City Manager Valerie Kirkland in September 2021 concluded that Plaintiff incorrectly reported approximately $144,000 in unaccounted-for Municipal Court funds. This investigation further concluded that Plaintiff's report was incorrect because he recklessly or intentionally failed, among other things, to account for online payments and multiple factors that delay the processing of payments. Ultimately, the investigation, as presented by Ms. Kirkland to the City Council in October 2021, found that approximately $2,000 of Municipal Court funds were unaccounted for, but that such accounting discrepancies could be resolved through a change in accounting policies and practices, led by City officials, to ensure monthly reconciliations.

**Interrogatory No. 23.**

State whether you or any of your agents, employees, or representatives have any recordings that are relevant to any issue in this case. If so, describe in detail what each such recording depicts, identify all persons shown in or recorded on each such photograph or recordings, and state the date when each such photograph or recording was taken or made.

**Response:**

Defendants object to Interrogatory No. 23 on grounds that the undefined term, "recordings," is vague, ambiguous, and uncertain insofar as it remains unclear whether such term specifically references audio recordings or more broadly references documentary, visual, photographic, stenographic, or other means of recording.  Defendants further object to Interrogatory No. 23 on grounds that it is overly broad and unduly burdensome in failing to provide a temporal limitation.

Subject to and without waiving the foregoing objections, Defendants identify, and will produce, an audio recording of the City Council meeting of October 18, 2021.

**Interrogatory No. 24.**

> Please identify all communications you have had with any person or entity between August of 2021 and today regarding anything related to Gary Jones, his employment, his termination, or any public statements he has made.

**Response:**

Defendants object to Interrogatory No. 24 on grounds that it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.  Defendants further object to Interrogatory No. 24 to the extent it requests information about Plaintiff's employment and/or public statements irrelevant and immaterial to the claims or defenses in this action.

- 23 -

Subject to and without waiving the foregoing objections, Defendants identify the following non-privileged communications that relate to the claims and defenses in this action:

- In or around September 2021, Defendant Chief of Police Burley met with Plaintiff regarding Plaintiff's request to enlist the Georgia Bureau of Investigation to investigate Plaintiff's incorrect allegations that he discovered approximately $65,000 in unaccounted for Municipal Court funds.

- On or around September 20, 2021, Defendant Chief of Police Burley and Defendant Vice Mayor Jones met with Plaintiff regarding the same incorrect allegations that Plaintiff had discovered approximately $65,000 in unaccounted for Municipal Court funds.

- On or around September 23, 2021, Defendant Chief of Police Burley, Defendant Vice Mayor Jones, and Defendant City Manager Kirkland met with Plaintiff regarding the same incorrect allegations that Plaintiff had discovered approximately $65,000 in unaccounted for Municipal Court funds, and regarding Defendant Kirkland's intention to investigate these allegations.  Naise Gordon and Timi Tucker were also present for a portion, but not all of, this meeting.

- In or around September 2021, Defendant Chief of Police Burley met with Plaintiff regarding Plaintiff's request to engage the City of Grovetown Clerk

Laura McManus, at no cost to the City, to provide additional labor for the Municipal Court while the Municipal Court remained short-staffed due to the absence of Clerk Angela Reeves, who remained on leave at the time.

- During the City Council Meeting of October 18, 2021, City Manager Valerie Kirkland presented the findings of her investigation, as described in Defendants' Response to Interrogatory No. 22, to the full City Council. Further details regarding attendees, participants, and contents of this meeting may be found in the Meeting Minutes of the October 8, 2021 Meeting of the City Council, which Defendants will produce.

- During the City Council Meeting of October 18, 2021, Defendant Vice Mayor Jones issued a public statement regarding the allegations made by Plaintiff, the City's ensuing investigation, and its findings.

## Interrogatory No. 25.

Please identify all meetings you participated in between August of 2021 and today regarding anything related to Gary Jones, his employment, his termination, any investigation conducted by any Waynesboro employee, any report or recommendation regarding his employment, or any public statements, and, if any form of vote was taken, how you voted in said meeting.

## Response:

Defendants object to Interrogatory No. 24 on grounds that it seeks disclosure of information protected by the attorney-client privilege and/or the work product doctrine.  Defendants further object to Interrogatory No. 24 to the extent it requests

information about Plaintiff's employment and/or public statements irrelevant and immaterial to the claims or defenses in this action.

Subject to and without waiving the foregoing objection, Defendants refer to and incorporate their Response to Interrogatory No. 24.

**Interrogatory No. 26.**

Please identify all employee file documents, including but not limited to performance reports, reprimands, and official letters, that are in your possession regarding the employment of Gary Jones with the Waynesboro Police Department.

**Response:**

Defendants will produce, in lieu of individual identification, Plaintiff's complete personnel file, which includes Plaintiff's performance evaluations for years in which he was employed with the City.

**Interrogatory No. 27.**

Please identify all public statements you have made, including but not limited to press releases, verbal statements made to members of the press or the public, or statements made at a public council meeting, between August of 2021 and today regarding anything related to Gary Jones, his employment, his termination, any investigation conducted by any Waynesboro employee, any report or recommendation regarding his employment, or any public statements he has made.

**Response:**

Defendants object to Interrogatory No. 27 to the extent it requests information about Plaintiff's employment and/or public statements irrelevant and immaterial to the claims or defenses in this action.

- 26 -

Subject to and without waiving the foregoing objection, Defendants identify the following non-privileged communications that relate to the claims and defenses in this action:

- Sometime in 2021, following the allegations made by Plaintiff, Defendant Vice Mayor James Jones received a call from a reporter requesting comment regarding Plaintiff's allegation that the City could not account for approximately $144,000 in Municipal Court funds.  Defendant Vice Mayor Jones stated that he had no comment regarding the allegation.

- During the City Council Meeting of October 18, 2021, Defendant Vice Mayor Jones issued a public statement regarding the allegations made by Plaintiff, the City's ensuing investigation, and its findings.

Respectfully submitted, this 15th day of July, 2022.

*/s/ Douglas H. Duerr*
Douglas H. Duerr
Georgia Bar No. 231772

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
(404) 659-6700
(404) 222-9718 (Facsimile)
duerr@elarbeethompson.com

*/s/ Patricia T. Paul*
Patricia T. Paul
Georgia Bar No. 697845
Patrick T. O'Connor
Georgia Bar No. 548425

OLIVER MANER LLP
218 West State Street
PO Box 10186
Savannah, Georgia  31412
(912) 236-3311
(912) 236-8725 (Facsimile)
pto@olivermaner.com
ppaul@olivermaner.com


Delia M. DeBlass
Georgia Bar No. 252534
Randolph Frails
Georgia Bar No. 272729
Frails & Wilson LLC
211 Pleasant Home Road, Suite A1
Augusta, Georgia  30907
Telephone: 706-855-6715
Facsimile: 706-855-7631
delia@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com

*Attorneys for Defendants*

- 28 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | |
|---|---|
| GARY JONES | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.: 1:22-CV-030 |
| v. | ) |
| | ) |
| CITY OF WAYNESBORO, ALBERTA | ) |
| J. ANDERSON, RICHARD H. BYNE, | ) |
| JAMES JONES, VICKEY BATES, BILL | ) |
| TINLEY, WILLIE WILLIAMS, | ) |
| VALERIE KIRKLAND, and WILLIE J. | ) |
| BURLEY, | ) |
| | ) |
| Defendants. | ) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2022, I served a true and correct copy of

**DEFENDANTS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS**

**TO PLAINTIFF'S FIRST CONTINUING INTERROGATORIES** via electronic

mail, by agreement of the Parties, to the following attorneys of record:

Jeffrey F Peil
jpeil@hugginsfirm.com

Amanda P. Keen
amanda@hugginsfirm.com

Patrick T. O'Connor
pto@olivermaner.com

Patricia T. Paul
ppaul@olivermaner.com

Delia M. DeBlass
delia@frailswilsonlaw.com

Randolph Frails
randyfrails@frailswilsonlaw.com

This 15th day of July, 2022.

/s/ Douglas H. Duerr
Douglas H. Duerr
Georgia Bar No. 231772

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
(404) 659-6700
(404) 222-9718 (Facsimile)
duerr@elarbeethompson.com

*Attorney for Defendants*

# Exhibit 11

**From:** **Daniel Barrett** barrett@elarbeethompson.com 
**Subject:** Jones v. City of Waynesboro, et al. - Defendants' First Supplemental Responses to Plaintiff's Interrogatories [IMAN-ETSWDMS1.FID393576]
**Date:** July 15, 2022 at 6:00 PM
**To:** Jeff Peil jpeil@hugginsfirm.com, Amanda Pennington amanda@hugginsfirm.com
**Cc:** Douglas H. Duerr duerr@elarbeethompson.com, Patty Paul ppaul@olivermaner.com, Pat O'Connor pto@olivermaner.com, Randolph Frails randyfrails@frailswilsonlaw.com, Delia DeBlass delia@frailswilsonlaw.com, Susan M. Stroud susan@elarbeethompson.com, Tamrisa Matlock Tamrisa@elarbeethompson.com



All,

I am attaching Defendants' First Supplemental Responses and Objections to Plaintiff's First Continuing Interrogatories.

Please let us know if you have any questions.

Have a great weekend.

Thank you,

---

Daniel F. Barrett
Attorney

 ELARBEE THOMPSON

Elarbee, Thompson, Sapp & Wilson LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, Georgia 30303
404-659-6700 Main
404-582-8441 Direct
404-222-9718 Fax
www.elarbeethompson.com

This e-mail message and all attachments may contain privileged and confidential legal communications/attorney work product intended solely for the use of the addressee. If the reader of this message is not the intended recipient, any reading, distribution, copying or other use of this message is prohibited and you should delete this message from all locations, and advise the sender at 404-582-8441 or by electronic mail. Thank you.

Defendants'
First S...ies.pdf

# Exhibit 12

**From:** Jeff Peil  jpeil@hugginsfirm.com  
**Subject:** Re: Jones v. City of Waynesboro, et al. - Defendants' First Supplemental Responses to Plaintiff's Interrogatories [IMAN-ETSWDMS1.FID393576]
**Date:** July 22, 2022 at 4:41 PM
**To:** Douglas H. Duerr  duerr@elarbeethompson.com
**Cc:** Amanda Pennington  amanda@hugginsfirm.com,  Patty Paul  ppaul@olivermaner.com,  Pat O'Connor  pto@olivermaner.com,  Randolph Frails  randyfrails@frailswilsonlaw.com,  Delia DeBlass  delia@frailswilsonlaw.com,  Susan M. Stroud  susan@elarbeethompson.com,  Tamrisa Matlock  Tamrisa@elarbeethompson.com,  Daniel Barrett  barrett@elarbeethompson.com



Doug:

Please see the attached correspondence.

**Jeffrey F. Peil**
Huggins Peil, LLC
7013 Evans Town Center Boulevard
Suite 502, Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
E-mail: jpeil@hugginsfirm.com

Confidentiality Notice:
This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Wire Fraud Alert:
Do not commence a wire transfer without calling the recipient, at a trusted and independently verified phone number, and verifying the wire instructions.

20220722 - Ltr.
to Opp...sel.pdf

On Jul 15, 2022, at 6:00 PM, Daniel Barrett <barrett@elarbeethompson.com> wrote:

All,

I am attaching Defendants' First Supplemental Responses and Objections to Plaintiff's First Continuing Interrogatories.

Please let us know if you have any questions.

Have a great weekend.

Thank you,

Daniel F. Barrett
Attorney
<image001.png>
Elarbee, Thompson, Sapp & Wilson LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, Georgia 30303
404-659-6700 Main
404-582-8441 Direct

404-222-9718 Fax
www.elarbeethompson.com

This e-mail message and all attachments may contain privileged and confidential legal communications/attorney work product intended solely for the use of the addressee. If the reader of this message is not the intended recipient, any reading, distribution, copying or other use of this message is prohibited and you should delete this message from all locations, and advise the sender at 404-582-8441 or by electronic mail. Thank you.

<Defendants' First Supplemental Responses to Plaintiff's First Continuing Interrogatories.pdf>

# Exhibit 13

# HP HUGGINS PEIL
## Attorneys at Law

CHARLES T. HUGGINS, JR.
JEFFREY F. PEIL
AMANDA PENNINGTON KEEN

OF COUNSEL:
NOEL O. INGRAM
JOHN J. CZURA

JEFFREY F. PEIL
· LICENSED IN GEORGIA AND SOUTH CAROLINA

JPEIL@HUGGINSFIRM.COM

**July 22, 2022**

Douglas H. Duerr, Esq.
duerr@elarbeethompson.com

Delia M. DeBlass, Esq.
delia@frailswilsonlaw.com

Patrick T. O'Connor, Esq.
pto@olivermaner.com

Randolph Frails, Esq.
randyfrails@frailswilsonlaw.com

Patricia T. Paul, Esq.
ppaul@olivermaner.com

Daniel Barrett, Esq.
barrett@elarbeethompson.com

Re:   Gary Jones v. City of Waynesboro, et al.
      U.S. Dist. Ct. for the So. Dist. of Ga., Case No. 1:22-cv-030
      Discovery responses served on July 15, 2022.

Doug:

I received your clients' supplemental interrogatory responses on July 15, 2022. I want to seek clarification from you on one specific item before taking any further action. As you know, Plaintiff's interrogatory number 13 asked your clients very specific questions about a very limited subset of training courses that may or may not have been provided by the City of Waynesboro to its employees. The interrogatory asked them to identify each instance of training, and provide (1) the name of the instructor, (2) the materials provided, (3) the course provided, and (4) the employees enrolled in the training course. Your clients' original response to this interrogatory was:

> *Subject to and without waiving the foregoing objections, the City states that its Police Department routinely provides in-class training to its officers and other employees regarding use of National Crime Information Center ("NCIC") and Georgia Criminal Justice Information System ("GCIC").*

After we exchanged correspondence regarding my assertion that this response was deficient, you noted that you intended to maintain your objections, but that your clients: "will identify the name of the instructor(s) and employees trained, and the course provided, and produce the materials provided to the same in lieu of identification (to the extent such materials remain in the City's possession, custody, or control)."

Your client's supplemental response is below:

> *Subject to and without waiving the foregoing objections, the City states that its Police Department routinely provides in-class training to its officers and other*

# HUGGINS PEIL
## Attorneys at Law

CHARLES T. HUGGINS, JR.
JEFFREY F. PEIL
AMANDA PENNINGTON KEEN

OF COUNSEL:
NOEL O. INGRAM
JOHN J. CZURA

**JEFFREY F. PEIL**
· LICENSED IN GEORGIA AND SOUTH CAROLINA

JPEIL@HUGGINSFIRM.COM

*employees regarding use of National Crime Information Center ("NCIC") and Georgia Criminal Justice Information System ("GCIC").*

As of right now, I have not received any supplemental documents "in lieu of identification." **Is this an oversight, or was this intentional?** As you know, Plaintiff has alleged in his complaint that he was terminated for disclosing to his superiors that Waynesboro was not complying with the laws, rules, and regulations of the State of Georgia. One rule specifically identified in the complaint is GCIC Rule 140-2-.16(1) which requires the City of Waynesboro to "provide training and retraining . . . to ensure their employees' effective performance of job-specific tasks . . ." See Compl. ¶¶ 51-52. If Waynesboro "routinely provides in-class training to its officers and other employees," then surely it can identify at least one specific instance of this training.

For the reasons stated in my previous letter, your clients' initial interrogatory response, and their supplemental interrogatory response, is inadequate and wholly non-responsive. Again, if this is a mere oversight, I understand, and will of course give you the time to remedy this situation. But if this was intentional, please notify me immediately as the only recourse at this point would be to seek relief from the Court. If I do not have an amended response in seven (7) days, I intend to move the Court for an order compelling a response after that time.

Regarding the meet and confer letter you sent me on July 18, 2022, that will be addressed by separate correspondence.

Warmest regards,

Jeffrey F. Peil
Attorney-at-law

Cc: Gary Jones

# Exhibit 14

**From:** **Susan M. Stroud**  susan@elarbeethompson.com  📎
**Subject:** Jones v. City of Waynesboro, et al. [IMAN-ETSWDMS1.FID393576]
**Date:** July 29, 2022 at 5:23 PM
**To:** Jeff Peil  jpeil@hugginsfirm.com
**Cc:** Douglas H. Duerr  duerr@elarbeethompson.com,  Daniel Barrett  barrett@elarbeethompson.com

SS

---

Good Evening, Mr. Peil:

Please see the attached.

Thank you.

*Susan M. Stroud*

*Legal Assistant to*

*Sharon P. Morgan | William D. Deveney | Daniel F. Barrett*

 ELARBEE THOMPSON

Elarbee, Thompson, Sapp & Wilson LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, Georgia 30303
404-659-6700 Main
404-582-8405 Direct
404-222-9718 Fax
susan@elarbeethompson.com
www.elarbeethompson.com

This e-mail message and all attachments may contain privileged and confidential legal communications/attorney work product intended solely for the use of the addressee. If the reader of this message is not the intended recipient, any reading, distribution, copying or other use of this message is prohibited and you should delete this message from all locations, and advise the sender at 404/582-8405 or by electronic mail. Thank you.



To Jeff Peil
7_29_2....1).pdf

# Exhibit 15

# ELARBEE THOMPSON

800 INTERNATIONAL TOWER • 229 PEACHTREE STREET, N.E. • ATLANTA, GEORGIA 30303
TELEPHONE: 404-659-6700 • FAX: 404-222-9718 • www.elarbeethompson.com

duerr@elarbeethompson.com
WRITER'S DIRECT DIAL:  (404) 582-8432

July 29, 2022

**<u>VIA EMAIL</u>**

Jeff Peil
Huggins Peil, LLC
7013 Evans Town Center Boulevard
Suite 502, Evans, Georgia 30809
jpeil@hugginsfirm.com

      RE:   <u>Jones v. City of Waynesboro, et al.</u>
             Case No. 1:22-cv-030
             Response to Letter Dated July 22, 2022

Dear Jeff,

      We are in receipt of your letter dated July 22, 2022.  As promised in my letter of June 17, 2022, Defendants will supplement their Response to Interrogatory No. 13; however, Defendants' investigation of the matter is ongoing and we are not yet in possession of the information or materials promised.

      Again, Defendants intend to fully respond to Interrogatory No. 13, subject to and without waiving their stated objections, but request additional time to gather necessary information to ensure a complete and accurate Response.

      Please let us know if you have any further questions or if you would like to discuss the matter further.

          Sincerely,

          *s/ Douglas H. Duerr*
          Douglas H. Duerr

# Exhibit 16

**From:** Jeff Peil  jpeil@hugginsfirm.com
**Subject:** Re: Jones v. City of Waynesboro, et al. [IMAN-ETSWDMS1.FID393576]
**Date:** July 29, 2022 at 5:43 PM
**To:** Douglas H. Duerr  duerr@elarbeethompson.com
**Cc:** Daniel Barrett  barrett@elarbeethompson.com,  Susan M. Stroud  susan@elarbeethompson.com



Doug:

Thank you for clarifying your position. Can you give me a date when you expect your clients will supplement their response to interrogatory number 13, and the corresponding request to produce (request number 2)?

I ask because these requests were sent on February 9, 2022, but later deemed delivered by the Court on April 13, 2022. Your clients have had these requests for five months now, and I have been waiting to take depositions until written discovery is resolved. My hope is to schedule depositions in late August and early September. If we do not receive responses prior to then, we may need to ask the Court for permission to extend our discovery deadlines.

Do you think you can get me these by August 15?

**Jeffrey F. Peil**
Huggins Peil, LLC
7013 Evans Town Center Boulevard
Suite 502, Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
E-mail: jpeil@hugginsfirm.com

Confidentiality Notice:
This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Wire Fraud Alert:
Do not commence a wire transfer without calling the recipient, at a trusted and independently verified phone number, and verifying the wire instructions.

> On Jul 29, 2022, at 5:23 PM, Susan M. Stroud <susan@elarbeethompson.com> wrote:
>
> Good Evening, Mr. Peil:
>
> Please see the attached.
>
> Thank you.
>
> *Susan M. Stroud*
> Legal Assistant to
> Sharon P. Morgan | William D. Deveney | Daniel F. Barrett
>
> <image001.png>
>
> Elarbee, Thompson, Sapp & Wilson LLP
> 800 International Tower
> 229 Peachtree Street, NE
> Atlanta, Georgia 30303
> 404-659-6700 Main
> 404-582-8405 Direct
> 404-222-9718 Fax
> susan@elarbeethompson.com
> www.elarbeethompson.com
> This e-mail message and all attachments may contain privileged and confidential legal

communications/attorney work product intended solely for the use of the addressee. If the reader of this message is not the intended recipient, any reading, distribution, copying or other use of this message is prohibited and you should delete this message from all locations, and advise the sender at 404/582-8405 or by electronic mail. Thank you.

<To Jeff Peil 7_29_22 re Defendants supplement to Interrogatory No 13(2000675.1).pdf>

# Exhibit 17

**From:** Jeff Peil  jpeil@hugginsfirm.com
**Subject:** Re: Jones v. City of Waynesboro, et al. [IMAN-ETSWDMS1.FID393576]
**Date:** August 17, 2022 at 12:26 PM
**To:** Douglas H. Duerr  duerr@elarbeethompson.com
**Cc:** Daniel Barrett  barrett@elarbeethompson.com,  Susan M. Stroud  susan@elarbeethompson.com,  Pat O'Connor
pto@olivermaner.com,  Patty Paul  ppaul@olivermaner.com,  Randolph Frails  randyfrails@frailswilsonlaw.com,  Delia DeBlass
delia@frailswilsonlaw.com

Doug:

It has been nearly three weeks since I sent you the below email, and I still have not received a response of any kind. I have experienced nothing but consummate professionalism working with you, and therefore take your lack of response in this matter as evidence your client refuses to participate in discovery in good faith. We appear to have exhausted all good faith efforts at resolution of this discovery dispute. After waiting four months, your numerous assurances you will provide discovery responses, and still no response, it is time to move on. **I plan on filing a motion to compel tomorrow** if Mayor Jones does not receive full and complete responses to interrogatory number 13 and request to produce number 2 by close of business today.

Also, my request in the below email to set deposition dates or move to extend discovery has been ignored. I am going to issue deposition notices unilaterally if I do not receive proposed dates from you by close of business tomorrow.

I am in the office today if you feel it would be fruitful to discuss this via telephone.

Warmest regards,

**Jeffrey F. Peil**
Huggins Peil, LLC
7013 Evans Town Center Boulevard
Suite 502, Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
E-mail: jpeil@hugginsfirm.com

Confidentiality Notice:
This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Wire Fraud Alert:
Do not commence a wire transfer without calling the recipient, at a trusted and independently verified phone number, and verifying the wire instructions.

On Jul 29, 2022, at 5:43 PM, Jeff Peil <jpeil@hugginsfirm.com> wrote:

Doug:

Thank you for clarifying your position. Can you give me a date when you expect your clients will supplement their response to interrogatory number 13, and the corresponding request to produce (request number 2)?

I ask because these requests were sent on February 9, 2022, but later deemed delivered by the Court on April 13, 2022. Your clients have had these requests for five months now, and I have been waiting to take depositions until written discovery is resolved. My hope is to schedule depositions in late August and early September. If we do not receive responses prior to then, we may need to ask the Court for permission to extend our discovery deadlines.

Do you think you can get me these by August 15?

**Jeffrey F. Peil**
Huggins Peil, LLC
7013 Evans Town Center Boulevard
Suite 502, Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
E-mail: jpeil@hugginsfirm.com

Confidentiality Notice:
This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of

or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Wire Fraud Alert:
Do not commence a wire transfer without calling the recipient, at a trusted and independently verified phone number, and verifying the wire instructions.

On Jul 29, 2022, at 5:23 PM, Susan M. Stroud <susan@elarbeethompson.com> wrote:

Good Evening, Mr. Peil:

Please see the attached.

Thank you.

Susan M. Stroud
Legal Assistant to
Sharon P. Morgan | William D. Deveney | Daniel F. Barrett

<image001.png>

Elarbee, Thompson, Sapp & Wilson LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, Georgia 30303
404-659-6700 Main
404-582-8405 Direct
404-222-9718 Fax
susan@elarbeethompson.com
www.elarbeethompson.com

This e-mail message and all attachments may contain privileged and confidential legal communications/attorney work product intended solely for the use of the addressee. If the reader of this message is not the intended recipient, any reading, distribution, copying or other use of this message is prohibited and you should delete this message from all locations, and advise the sender at 404/582-8405 or by electronic mail. Thank you.

<To Jeff Peil 7_29_22 re Defendants supplement to Interrogatory No 13(2000675.1).pdf>

# Exhibit 18



**From:** Jeff Peil  jpeil@hugginsfirm.com
**Subject:** Re: Jones v. City of Waynesboro, et al. [IMAN-ETSWDMS1.FID393576]
**Date:** August 17, 2022 at 1:14 PM
**To:** Patty Paul  ppaul@olivermaner.com
**Cc:** Douglas H. Duerr  duerr@elarbeethompson.com,  Daniel Barrett  barrett@elarbeethompson.com,  Susan M. Stroud
susan@elarbeethompson.com,  Pat O'Connor  pto@olivermaner.com,  Randolph Frails  randyfrails@frailswilsonlaw.com,
Delia DeBlass  delia@frailswilsonlaw.com

Patty:

I appreciate your quick response. I would like to get depositions of the following individuals on the books: Naise Gordon, Timi Tucker, Willie Burley, and Valerie Kirkland (in that order).

I understand that only Mr. Burley is a party. I was hoping to avoid having to subpoena the other three, as they are all Waynesboro employees, and am confident Mr. Duerr can work to make them available, obviating the need for subpoenas.

If we can get these depositions on the books for sometime before the existing discovery deadline ends, I will be happy to consent to a joint motion requesting an extension of the current scheduling order. The depositions of the remaining council members can be done later.

Could you assist me with this?

To get the ball rolling, I have the following available dates: August 25, 26, 31; September 1, 14-16, 19-20, 23, 26, 28, 30; October 3-4.

**Jeffrey F. Peil**
Huggins Peil, LLC
7013 Evans Town Center Boulevard
Suite 502, Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
E-mail: jpeil@hugginsfirm.com

Confidentiality Notice:
This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Wire Fraud Alert:
Do not commence a wire transfer without calling the recipient, at a trusted and independently verified phone number, and verifying the wire instructions.

> On Aug 17, 2022, at 12:46 PM, Patty Paul <ppaul@olivermaner.com> wrote:
>
> Mr. Peil,
>
>        I don't think I was sent your email of July 29 in this email chain, below.  That's fine, since the Interrogatory at issue and corresponding Request for Production was really for the City rather than the individual defendants in their individual capacities, whom I represent.  However, your July 29 email in this chain apparently was the first mention of potentially getting an extension of the discovery deadlines, and I presume the remaining deadlines.  You indicate in your email below unilaterally setting depositions for the end of August, and early September.  I hope it doesn't come to this.  I have just within the past week set a number of depositions (about eight so far) in another case for near the end of August and early September.  Discovery in this *Jones v. Waynesboro, et al.* case expires Oct. 4, 2022, per the current Scheduling Order.  I would be in favor of joining a motion for an extension of the deadlines in the Scheduling Order if we cannot mutually agree with our clients' involvement on dates in later September for the depositions.
>
> Patty

**Patricia T. Paul**
Attorney at Law

<image001.png>

218 W. State Street I Savannah, Georgia 31401
P. O. Box 10186 I Savannah, Georgia 31412
**Office:** 912.236.3311 I **Mobile:** 912.429.3639
**Email:** ppaul@olivermaner.com
**Website:** olivermaner.com

---

**From:** Jeff Peil <jpeil@hugginsfirm.com>
**Sent:** Wednesday, August 17, 2022 12:26 PM
**To:** Douglas H. Duerr <duerr@elarbeethompson.com>
**Cc:** Daniel Barrett <barrett@elarbeethompson.com>; Susan M. Stroud
<susan@elarbeethompson.com>; Pat O'Connor <pto@olivermaner.com>; Patty Paul
<ppaul@olivermaner.com>; Randolph Frails <randyfrails@frailswilsonlaw.com>; Delia
DeBlass <delia@frailswilsonlaw.com>
**Subject:** Re: Jones v. City of Waynesboro, et al. [IMAN-ETSWDMS1.FID393576]

Doug:

It has been nearly three weeks since I sent you the below email, and I still have not
received a response of any kind. I have experienced nothing but consummate
professionalism working with you, and therefore take your lack of response in this
matter as evidence your client refuses to participate in discovery in good faith. We
appear to have exhausted all good faith efforts at resolution of this discovery dispute.
After waiting four months, your numerous assurances you will provide discovery
responses, and still no response, it is time to move on. **I plan on filing a motion to
compel tomorrow** if Mayor Jones does not receive full and complete responses to
interrogatory number 13 and request to produce number 2 by close of business today.

Also, my request in the below email to set deposition dates or move to extend discovery
has been ignored. I am going to issue deposition notices unilaterally if I do not receive
proposed dates from you by close of business tomorrow.

I am in the office today if you feel it would be fruitful to discuss this via telephone.

Warmest regards,

**Jeffrey F. Peil**
Huggins Peil, LLC
7013 Evans Town Center Boulevard
Suite 502, Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
E-mail: jpeil@hugginsfirm.com

Confidentiality Notice:

Confidentiality Notice:
This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Wire Fraud Alert:
Do not commence a wire transfer without calling the recipient, at a trusted and independently verified phone number, and verifying the wire instructions.


> On Jul 29, 2022, at 5:43 PM, Jeff Peil <jpeil@hugginsfirm.com> wrote:
>
> Doug:
>
> Thank you for clarifying your position. Can you give me a date when you expect your clients will supplement their response to interrogatory number 13, and the corresponding request to produce (request number 2)?
>
> I ask because these requests were sent on February 9, 2022, but later deemed delivered by the Court on April 13, 2022. Your clients have had these requests for five months now, and I have been waiting to take depositions until written discovery is resolved. My hope is to schedule depositions in late August and early September. If we do not receive responses prior to then, we may need to ask the Court for permission to extend our discovery deadlines.
>
> Do you think you can get me these by August 15?
>
> **Jeffrey F. Peil**
> Huggins Peil, LLC
> 7013 Evans Town Center Boulevard
> Suite 502, Evans, Georgia 30809
> Telephone: (706) 210-9063
> Facsimile: (706) 210-9282
> E-mail: jpeil@hugginsfirm.com
>
> Confidentiality Notice:
> This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.
>
> Wire Fraud Alert:
> Do not commence a wire transfer without calling the recipient, at a trusted

Do not commence a wire transfer without calling the recipient, at a trusted and independently verified phone number, and verifying the wire instructions.

> On Jul 29, 2022, at 5:23 PM, Susan M. Stroud <susan@elarbeethompson.com> wrote:
>
> Good Evening, Mr. Peil:
>
> Please see the attached.
>
> Thank you.
>
> *Susan M. Stroud*
> *Legal Assistant to*
> *Sharon P. Morgan | William D. Deveney | Daniel F. Barrett*
>
> <image001.png>
>
> Elarbee, Thompson, Sapp & Wilson LLP
> 800 International Tower
> 229 Peachtree Street, NE
> Atlanta, Georgia 30303
> 404-659-6700 Main
> 404-582-8405 Direct
> 404-222-9718 Fax
> susan@elarbeethompson.com
> www.elarbeethompson.com
> This e-mail message and all attachments may contain privileged and confidential legal communications/attorney work product intended solely for the use of the addressee. If the reader of this message is not the intended recipient, any reading, distribution, copying or other use of this message is prohibited and you should delete this message from all locations, and advise the sender at 404/582-8405 or by electronic mail. Thank you.
>
> <To Jeff Peil 7_29_22 re Defendants supplement to Interrogatory No 13(2000675.1).pdf>

# Exhibit 19

**From:** Patty Paul ppaul@olivermaner.com  📎
**Subject:** RE: Jones v. City of Waynesboro, et al. [IMAN-ETSWDMS1.FID393576]
**Date:** August 17, 2022 at 12:46 PM
**To:** Jeff Peil jpeil@hugginsfirm.com, Douglas H. Duerr duerr@elarbeethompson.com
**Cc:** Daniel Barrett barrett@elarbeethompson.com, Susan M. Stroud susan@elarbeethompson.com, Pat O'Connor pto@olivermaner.com, Randolph Frails randyfrails@frailswilsonlaw.com, Delia DeBlass delia@frailswilsonlaw.com

PP

Mr. Peil,

      I don't think I was sent your email of July 29 in this email chain, below.  That's fine, since the Interrogatory at issue and corresponding Request for Production was really for the City rather than the individual defendants in their individual capacities, whom I represent.  However, your July 29 email in this chain apparently was the first mention of potentially getting an extension of the discovery deadlines, and I presume the remaining deadlines.  You indicate in your email below unilaterally setting depositions for the end of August, and early September.  I hope it doesn't come to this.  I have just within the past week set a number of depositions (about eight so far) in another case for near the end of August and early September.  Discovery in this *Jones v. Waynesboro, et al.* case expires Oct. 4, 2022, per the current Scheduling Order.  I would be in favor of joining a motion for an extension of the deadlines in the Scheduling Order if we cannot mutually agree with our clients' involvement on dates in later September for the depositions.

Patty

**Patricia T. Paul**
Attorney at Law



218 W. State Street | Savannah, Georgia 31401
P. O. Box 10186 | Savannah, Georgia 31412
**Office:** 912.236.3311 | **Mobile:** 912.429.3639
**Email:** ppaul@olivermaner.com
**Website:** olivermaner.com

---

**From:** Jeff Peil <jpeil@hugginsfirm.com>
**Sent:** Wednesday, August 17, 2022 12:26 PM
**To:** Douglas H. Duerr <duerr@elarbeethompson.com>
**Cc:** Daniel Barrett <barrett@elarbeethompson.com>; Susan M. Stroud <susan@elarbeethompson.com>; Pat O'Connor <pto@olivermaner.com>; Patty Paul <ppaul@olivermaner.com>; Randolph Frails <randyfrails@frailswilsonlaw.com>; Delia DeBlass <delia@frailswilsonlaw.com>
**Subject:** Re: Jones v. City of Waynesboro, et al. [IMAN-ETSWDMS1.FID393576]

Doug:

It has been nearly three weeks since I sent you the below email, and I still have not received a response of any kind. I have experienced nothing but consummate professionalism working with you, and therefore take your lack of response in this matter as evidence your client refuses to participate in discovery in good faith. We appear to have exhausted all good faith efforts at resolution of this discovery dispute. After waiting four months, your numerous assurances you will provide discovery responses, and still no response, it is time to move on. **I plan on filing a motion to compel tomorrow** if Mayor Jones does not receive full and complete responses to interrogatory number 13 and request to produce number 2 by close of business today.

Also, my request in the below email to set deposition dates or move to extend discovery has been ignored. I am going to issue deposition notices unilaterally if I do not receive proposed dates from you by close of business tomorrow.

I am in the office today if you feel it would be fruitful to discuss this via telephone.

Warmest regards,

**Jeffrey F. Peil**
Huggins Peil, LLC
7013 Evans Town Center Boulevard
Suite 502, Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
E-mail: jpeil@hugginsfirm.com

Confidentiality Notice:
This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Wire Fraud Alert:
Do not commence a wire transfer without calling the recipient, at a trusted and independently verified phone number, and verifying the wire instructions.

On Jul 29, 2022, at 5:43 PM, Jeff Peil <jpeil@hugginsfirm.com> wrote:

Doug:

Thank you for clarifying your position. Can you give me a date when you expect your clients will supplement their response to interrogatory number 13, and the corresponding request to produce (request number 2)?

I ask because these requests were sent on February 9, 2022, but later deemed delivered by the Court on April 13, 2022. Your clients have had

these requests for five months now, and I have been waiting to take depositions until written discovery is resolved. My hope is to schedule depositions in late August and early September. If we do not receive responses prior to then, we may need to ask the Court for permission to extend our discovery deadlines.

Do you think you can get me these by August 15?

**Jeffrey F. Peil**
Huggins Peil, LLC
7013 Evans Town Center Boulevard
Suite 502, Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
E-mail: jpeil@hugginsfirm.com

Confidentiality Notice:
This message is being sent by or on behalf of an attorney. It
is intended exclusively for the individual or entity to which it is addressed.
This communication may contain information that is proprietary, privileged
or confidential or otherwise legally exempt from disclosure. If you are not the
named addressee, you are not authorized to read, print, retain, copy or
disseminate this message or any part of it. If you have received this message
in error, please notify the sender immediately by e-mail and delete all copies
of the message.

Wire Fraud Alert:
Do not commence a wire transfer without calling the recipient, at a trusted
and independently verified phone number, and verifying the wire instructions.


On Jul 29, 2022, at 5:23 PM, Susan M. Stroud
<susan@elarbeethompson.com> wrote:

Good Evening, Mr. Peil:

Please see the attached.

Thank you.

*Susan M. Stroud*
*Legal Assistant to*
*Sharon P. Morgan | William D. Deveney | Daniel F. Barrett*

<image001.png>

Elarbee, Thompson, Sapp & Wilson LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, Georgia 30303

404-659-6700 Main
404-582-8405 Direct
404-222-9718 Fax
susan@elarbeethompson.com
www.elarbeethompson.com

This e-mail message and all attachments may contain privileged and confidential legal communications/attorney work product intended solely for the use of the addressee. If the reader of this message is not the intended recipient, any reading, distribution, copying or other use of this message is prohibited and you should delete this message from all locations, and advise the sender at 404/582-8405 or by electronic mail. Thank you.

<To Jeff Peil 7_29_22 re Defendants supplement to Interrogatory No 13(2000675.1).pdf>

# Exhibit 20

From: **Daniel Barrett** barrett@elarbeethompson.com  📎
Subject: RE: Jones v. City of Waynesboro, et al. [IMAN-ETSWDMS1.FID393576]
Date: August 17, 2022 at 3:20 PM
To: Patty Paul ppaul@olivermaner.com, Jeff Peil jpeil@hugginsfirm.com
Cc: Douglas H. Duerr duerr@elarbeethompson.com, Susan M. Stroud susan@elarbeethompson.com, Pat O'Connor pto@olivermaner.com, Randolph Frails randyfrails@frailswilsonlaw.com, Delia DeBlass delia@frailswilsonlaw.com

DB

Jeff,

We are fine with the plan to schedule the depositions of the individuals you mention below for September and file a joint motion to extend discovery.  We will confirm their availability.  While we are discussing the subject, will you please also confirm that some or all of these dates will work for Mr. Jones' deposition?

As for your concerns about our discovery responses, we are continuing to actively work with the City to gather the requested information and, while we have encountered unexpected difficulties, we will continue to work diligently to obtain and provide that information in advance of these depositions.

Please let us know if you have any other concerns and/or would like to discuss over the phone.

Best,
Daniel

---

Daniel F. Barrett
Attorney

 ELARBEE THOMPSON

Elarbee, Thompson, Sapp & Wilson LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, Georgia 30303
404-659-6700 Main
404-582-8441 Direct
404-222-9718 Fax
www.elarbeethompson.com

This e-mail message and all attachments may contain privileged and confidential legal communications/attorney work product intended solely for the use of the addressee. If the reader of this message is not the intended recipient, any reading, distribution, copying or other use of this message is prohibited and you should delete this message from all locations, and advise the sender at 404-582-8441 or by electronic mail. Thank you.

---

**From:** Patty Paul <ppaul@olivermaner.com>
**Sent:** Wednesday, August 17, 2022 1:34 PM
**To:** Jeff Peil <jpeil@hugginsfirm.com>
**Cc:** Douglas H. Duerr <duerr@elarbeethompson.com>; Daniel Barrett <barrett@elarbeethompson.com>; Susan M. Stroud <susan@elarbeethompson.com>; Pat O'Connor <pto@olivermaner.com>; Randolph Frails <randyfrails@frailswilsonlaw.com>; Delia DeBlass <delia@frailswilsonlaw.com>
**Subject:** RE: Jones v. City of Waynesboro, et al. [IMAN-ETSWDMS1.FID393576]

**WARNING:** This email originated from an outside source.

Jeff,

     Ms. Kirkland is also a Defendant as well (unless you would like to let her out.)

     Why don't we as counsel, for whomever would like to attend the depositions you have requested below, decide on some agreeable dates to consider for these depositions before we approach the witnesses for their availability.  Of the dates you have provided, I am available Sept. 14, 15, 23, 26, 28, 30 and Oct. 4.

Patty

**Patricia T. Paul**
Attorney at Law



218 W. State Street | Savannah, Georgia 31401
P. O. Box 10186 | Savannah, Georgia 31412
**Office:** 912.236.3311 | **Mobile:** 912.429.3639
**Email:** ppaul@olivermaner.com
**Website:** olivermaner.com

---

**From:** Jeff Peil <jpeil@hugginsfirm.com>
**Sent:** Wednesday, August 17, 2022 1:15 PM
**To:** Patty Paul <ppaul@olivermaner.com>
**Cc:** Douglas H. Duerr <duerr@elarbeethompson.com>; Daniel Barrett <barrett@elarbeethompson.com>; Susan M. Stroud <susan@elarbeethompson.com>; Pat O'Connor <pto@olivermaner.com>; Randolph Frails <randyfrails@frailswilsonlaw.com>; Delia DeBlass <delia@frailswilsonlaw.com>
**Subject:** Re: Jones v. City of Waynesboro, et al. [IMAN-ETSWDMS1.FID393576]

Patty:

I appreciate your quick response. I would like to get depositions of the following individuals on the books: Naise Gordon, Timi Tucker, Willie Burley, and Valerie Kirkland (in that order).

I understand that only Mr. Burley is a party. I was hoping to avoid having to subpoena the other three, as they are all Waynesboro employees, and am confident Mr. Duerr can work to make them available, obviating the need for subpoenas.

If we can get these depositions on the books for sometime before the existing discovery deadline ends, I will be happy to consent to a joint motion requesting an extension of the current scheduling order. The depositions of the remaining council members can be done later.

Could you assist me with this?

To get the ball rolling, I have the following available dates: August 25, 26, 31; September 1, 14-16, 19-20, 23, 26, 28, 30; October 3-4.

**Jeffrey F. Peil**
Huggins Peil, LLC
7013 Evans Town Center Boulevard
Suite 502, Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
E-mail: jpeil@hugginsfirm.com

Confidentiality Notice:
This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Wire Fraud Alert:
Do not commence a wire transfer without calling the recipient, at a trusted and independently verified phone number, and verifying the wire instructions.


On Aug 17, 2022, at 12:46 PM, Patty Paul <ppaul@olivermaner.com> wrote:

Mr. Peil,

I don't think I was sent your email of July 29 in this email chain, below.  That's fine, since the Interrogatory at issue and corresponding Request for Production was really for the City rather than the individual defendants in their individual capacities, whom I represent.  However, your July 29 email in this chain apparently was the first mention of potentially getting an extension of the discovery deadlines, and I presume the remaining deadlines.  You indicate in your email below unilaterally setting depositions for the end of August, and early September.  I hope it doesn't come to this.  I have just within the past week set a number of depositions (about eight so far) in another case for near the end of August and early September.  Discovery in this *Jones v. Waynesboro, et al.* case expires Oct. 4, 2022, per the current Scheduling Order.  I would be in favor of joining a motion for an extension of the deadlines in the Scheduling Order if we cannot mutually agree with our clients' involvement on dates in later

September for the depositions.

Patty

**Patricia T. Paul**
Attorney at Law

<image001.png>

218 W. State Street | Savannah, Georgia 31401
P. O. Box 10186 | Savannah, Georgia 31412
**Office:** 912.236.3311 | **Mobile:** 912.429.3639
**Email:** ppaul@olivermaner.com
**Website:** olivermaner.com

---

**From:** Jeff Peil <jpeil@hugginsfirm.com>
**Sent:** Wednesday, August 17, 2022 12:26 PM
**To:** Douglas H. Duerr <duerr@elarbeethompson.com>
**Cc:** Daniel Barrett <barrett@elarbeethompson.com>; Susan M. Stroud
<susan@elarbeethompson.com>; Pat O'Connor <pto@olivermaner.com>;
Patty Paul <ppaul@olivermaner.com>; Randolph Frails
<randyfrails@frailswilsonlaw.com>; Delia DeBlass
<delia@frailswilsonlaw.com>
**Subject:** Re: Jones v. City of Waynesboro, et al. [IMAN-
ETSWDMS1.FID393576]

Doug:

It has been nearly three weeks since I sent you the below email, and I still
have not received a response of any kind. I have experienced nothing but
consummate professionalism working with you, and therefore take your
lack of response in this matter as evidence your client refuses to
participate in discovery in good faith. We appear to have exhausted all
good faith efforts at resolution of this discovery dispute. After waiting four
months, your numerous assurances you will provide discovery responses,
and still no response, it is time to move on. **I plan on filing a motion to
compel tomorrow** if Mayor Jones does not receive full and complete
responses to interrogatory number 13 and request to produce number 2 by
close of business today.

Also, my request in the below email to set deposition dates or move to
extend discovery has been ignored. I am going to issue deposition notices
unilaterally if I do not receive proposed dates from you by close of
business tomorrow.

I am in the office today if you feel it would be fruitful to discuss this via
telephone.

Warmest regards,

**Jeffrey F. Peil**
Huggins Peil, LLC
7013 Evans Town Center Boulevard
Suite 502, Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
E-mail: jpeil@hugginsfirm.com

Confidentiality Notice:
This message is being sent by or on behalf of an attorney. It
is intended exclusively for the individual or entity to which it is addressed.
This communication may contain information that is proprietary, privileged
or confidential or otherwise legally exempt from disclosure. If you are not
the named addressee, you are not authorized to read, print, retain, copy or
disseminate this message or any part of it. If you have received this
message in error, please notify the sender immediately by e-mail and
delete all copies of the message.

Wire Fraud Alert:
Do not commence a wire transfer without calling the recipient, at a trusted
and independently verified phone number, and verifying the wire
instructions.

> On Jul 29, 2022, at 5:43 PM, Jeff Peil
> <jpeil@hugginsfirm.com> wrote:
>
> Doug:
>
> Thank you for clarifying your position. Can you give me a date
> when you expect your clients will supplement their response to
> interrogatory number 13, and the corresponding request to
> produce (request number 2)?
>
> I ask because these requests were sent on February 9, 2022,
> but later deemed delivered by the Court on April 13, 2022.
> Your clients have had these requests for five months now, and
> I have been waiting to take depositions until written discovery
> is resolved. My hope is to schedule depositions in late August
> and early September. If we do not receive responses prior to
> then, we may need to ask the Court for permission to extend
> our discovery deadlines.
>
> Do you think you can get me these by August 15?
>
> **Jeffrey F. Peil**
> Huggins Peil, LLC
> 7013 Evans Town Center Boulevard

Suite 502, Evans, Georgia 30809
Telephone: (706) 210-9063
Facsimile: (706) 210-9282
E-mail: jpeil@hugginsfirm.com

Confidentiality Notice:
This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Wire Fraud Alert:
Do not commence a wire transfer without calling the recipient, at a trusted and independently verified phone number, and verifying the wire instructions.

On Jul 29, 2022, at 5:23 PM, Susan M. Stroud <susan@elarbeethompson.com> wrote:

Good Evening, Mr. Peil:

Please see the attached.

Thank you.

Susan M. Stroud
Legal Assistant to
Sharon P. Morgan | William D. Deveney |
Daniel F. Barrett

<image001.png>

Elarbee, Thompson, Sapp & Wilson LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, Georgia 30303
404-659-6700 Main
404-582-8405 Direct
404-222-9718 Fax
susan@elarbeethompson.com
www.elarbeethompson.com
This e-mail message and all attachments may contain privileged and confidential legal communications/attorney work product intended

communications/attorney work product intended solely for the use of the addressee. If the reader of this message is not the intended recipient, any reading, distribution, copying or other use of this message is prohibited and you should delete this message from all locations, and advise the sender at 404/582-8405 or by electronic mail. Thank you.

<To Jeff Peil 7_29_22 re Defendants supplement to Interrogatory No 13(2000675.1).pdf>