IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GARY JONES, | Civil Action File No.: 1:22-CV-030 |
| Plaintiff, | |
| vs. | EXPERT REPORT |
| CITY OF WAYNESBORO, ALBERTA J. ANDERSON, RICHARD H. BYNE, JAMES JONES, VICKEY BATES, BILL TINLEY, WILLIE WILLIAMS, VALERIE KIRKLAND, AND WILLIE J. BURLEY, | |
| Defendants. | |

## REPORT OF SCOTT A. ADKINS

**I.   Introduction**

I have reviewed the civil action complaint (see tab #1) made by the Plaintiff against the Defendants (the "Complaint") in the matter listed above and the supporting and supplementary documentation related to the matter such as City of Waynesboro Council Minutes, correspondence between the involved parties, City of Waynesboro Annual Financial Reports, City of Waynesboro financial documents, and City of Waynesboro employee personnel files (collectively the "Documentation").

I have been requested to review the reports provided by the City of Waynesboro Municipal Court (the "Court") regarding the cash collected by the Court and compare these reports to 3rd party documentation in an attempt to verify the amount of cash collected by the Court for the period of January 1, 2020, through September 23, 2021 (the "Analysis Period"). In addition, I have been requested to form an opinion, based on my financial and accounting experience, on whether or not the Court's internal reporting system is providing accurate and sufficient information as it relates to cash collections. My opinion and conclusions are based on the facts, circumstances, and information as presented to me relating to the Complaint filed on February 8, 2022.

## II. Background

The City of Waynesboro is a municipal corporation organized and existing under the laws of the State of Georgia and is located in Burke County. The Plaintiff was continuously employed by the City of Waynesboro from August of 2018 until October 20, 2021, when the Plaintiff was notified of the termination of his employment. At the time of termination, Plaintiff held the position of Major in the Waynesboro Police Department.

In September of 2021, the Plaintiff believed that money collected by the Court was missing and had not been properly deposited into the City of Waynesboro's account. On September 17, 2021, the Plaintiff reported to Defendant Burley that he could not account for $64,000 in funds that had been collected. Further, on September 27, 2021, Plaintiff reported to Defendant Burley that he could not account for $144,000 in funds for the Analysis Period. After performing an investigation of the matter, the City of Waynesboro reported at the City Council meeting on October 18, 2021 that roughly $2,000 could not be accounted for, while Plaintiff maintained that he could still not account for roughly $24,000.

## III. Documentation and Information

A schedule of the documents and information that I have relied on and analyzed in connection with my review is outlined in tab #2.

## IV. Qualifications of Expert

I am a partner of Anderson, Adkins & Company, CPAs, PC ("AAC"), an Evans-based certified public accounting firm. I have over 30 years of experience as an accountant performing services such as compilations, reviews, audits, tax preparation, business valuations, and various litigation support.

My education includes an undergraduate from Georgia Southwestern College (now Georgia Southwestern State University). I am a Certified Public Accountant ("CPA") licensed in the state of Georgia (license # 19839). I hold the Certified Valuation Analyst ("CVA") designation from the National Association of Certified Valuators and Analysts ("NACVA") (certificate # 041783). My resumé and testimony experience are outlined in tabs #3 and #4, respectively.

## V. Compensation and Independence

The compensation charged regarding this engagement is based upon the hours of work incurred and the hourly rates of the individuals who performed this work. My hourly rate is $250 per hour and the rate for the associate who assisted me in this engagement is $100 per hour for Teddy Rich. I, as well as the other associates of AAC,

are independent regarding the involved parties and their attorneys. The compensation received for the services provided in connection with this engagement is not contingent in any way upon the results and conclusions reached in this report.

**VI.    Summary of Procedures and Basis for Opinions**

Upon reviewing the relevant documentation and information provided to me, the following procedures were undertaken in order to attempt to verify the cash collected by the Court for the Analysis Period.

1. It is my understanding from review of the documents that the cash collected by the Court is then deposited to either The City of Waynesboro Police Department Cash Bond Account at Queensborough National Bank & Trust ("Bond Account") or to the City of Waynesboro General Account. Therefore, cash deposited to these two accounts from the Court should match the cash collections reported by the Court. I took the following approach in determining the validity and accuracy of the cash collected by the Court.

   a. First, a reconciliation of the Bond Account was done for each month during the Analysis Period, noting all deposits and disbursements and comparing the deposits to the Queensborough Bank Statements and deposits slips. Below are the results of our findings:

      i. For January 2020 through December 2020, we noted there were cash and credit card deposits that total $109,785.00, see tab #5 for summary, detailed reconciliations, and Queensboro Bank Statements.

      ii. For January 2021 through September 23, 2021, we noted there were cash and credit card deposits that total $79,011.00, see tab #6 for summary, detailed reconciliations, and Queensboro Bank Statements.

   b. Once the deposits for the Bond Account had been confirmed and totaled, the amounts deposited to the City of Waynesboro General Account were totaled. These deposits were verified using the City of Waynesboro Cash Receipt Tickets provided to me. Below are the results of our findings:

      i. For January 2020 through December 2020, we noted there were cash, check and credit card deposits that total $87,719.49, see tab #7 for summary and copies of City of Waynesboro Receipts.

      ii. For January 2021 through September 23, 2021, we noted there were cash, check and credit card deposits that total $69,326.81, see tab #8 for summary and copies of City of Waynesboro Receipts.

  c. A reconciliation of cash received was prepared totaling the amount of traced deposits from the Queensboro Bank Bond Account and the amounts turned over to the City of Waynesboro compared to the Waynesboro Municipal Court Receipts Report. Below are the results of our findings:

      i. For January 2020 through December 2020, we traced deposits totaling $197,504.49 compared to the Waynesboro Municipal Court Receipts Report which totaled $ 206,293.09. Resulting in a difference of $ (8,788.60), see tab #9 for the summary and the detailed Waynesboro Municipal Court Receipts Report.

      ii. For January 2021 through September 23, 2021, we traced deposits totaling $ 148,337.81 compared to the Waynesboro Municipal Court Receipts Report which totaled $ 196,583.75. Resulting in a difference of $ (48,245.94), see tab #10 for the summary and the detailed Waynesboro Municipal Court Receipts Report.

### VII. Limitations and Assumptions

In conducting my analysis of the Court's cash collections for the Analysis Period, there were several limitations and assumptions which I had to rely on due to limited or lack of information. They are as follows:

1. For September 2021, no Bond Account bank statement was received in the information I was provided. Therefore, the cash and credit card deposits for this month noted in the Schedule of Funds Deposited in City of Waynesboro Police Bond Fund (see tab # 6) are estimates based upon the Municipal Court Payment Reports, and Queensborough deposit slips received for that month (see tab #11).

2. I did not receive any bank statements or other bank confirmation regarding the amounts received that go directly to the General Account. I relied on the City of Waynesboro cash receipt tickets and Queensborough deposit slips to calculate those amounts (see tabs 7 & 8).

3. For 2020, the amounts listed on the Schedule of Deposit Turned Over to City of Waynesboro reconciliation (see tab #7) that have "n/a" listed instead of a ticket number, no cash receipt ticket was received, and the amounts were calculated from the Municipal Court Payment Log and Queensborough

    deposits for that date (see tab #12). Because the Municipal Court Payment Logs are internally generated and are not considered 3rd party substantiating documentation, these cash receipts could not be confirmed by my analysis.

4. For 2021, the amounts listed on the Schedule of Deposit Turned Over to City of Waynesboro reconciliation (see tab #8) that have "n/a" listed instead of a ticket number, no cash receipt ticket was received, and the amounts were calculated from the analysis done by the Plaintiff, which was developed from the Municipal Court Payment Logs, and Queensborough deposits for that date (see tab #13). Because the Municipal Court Payment Logs are internally generated and are not considered 3rd party substantiating documentation, these cash receipts could not be confirmed by my analysis.

To remove these limitations and assumptions listed above, the proper supporting documentation would need to be supplied to me to complete a more thorough analysis. However, I do believe the information that has been supplied is sufficient to draw the conclusions and opinions outlined in this report.

**VIII.   Conclusions**

Based upon the procedures outlined in this report, I have come to the following conclusion regarding the cash collections by the Court for the Analysis Period. They are as follows:

1. For the year 2020, the Court reported $206,293.09 of cash collections, and confirmed collections, per my findings were $197,504.49, a shortfall of $8,788.60, see tab #9. However, as noted in the "Limitations and Assumptions" section, there are $7,395.50 of cash collections for which we did not receive full supporting documentation for and therefore could not confirm, see tab #12. Receipt of this supporting documentation may modify this conclusion.

2. For the year 2021 (through September 23, 2021), the Court reported $196,583.75 of cash collections, and confirmed collections, per my findings were $148,337.81 a shortfall of $48,245.94, see tab #10. However, as noted in the "Limitations and Assumptions" section, there are $50,968.94 of cash collections for which we did not receive full supporting documentation for and therefore could not confirm, see tab #13. Receipt of this supporting documentation may modify this conclusion.

3. Therefore, for the entire Analysis Period, the Court reported $402,876.84 of cash collections, and actual collections, per my findings were $345,842.30, a shortfall of $57,034.54. However, as noted in the "Limitations and Assumptions" section, there are $58,364.44 of cash collections for which we did not

receive full supporting documentation for and therefore could not confirm, see tabs #12 & 13. Receipt of this supporting documentation may modify this conclusion.

In addition, based upon the information I have been provided and the procedures undertaken which have been outlined in this report, it is my opinion that, if supporting documentation for the unsubstantiated cash receipts detailed in tabs 12 & 13 can be located, the internal reporting system for the Court does properly report the cash received by the Court in all material aspects. However, a further investigation would be required to determine whether this supporting documentation can be located and provided.

I reserve the right to supplement or modify my observations and/or conclusions if new information not previously available to me is received or in response to the work of other experts.

_Scott A. Adkins, CPA, CVA_