IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GARY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-030 |
| | ) | |
| CITY OF WAYNESBORO, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

The Court **REPORTS** and **RECOMMENDS** the Joint Motion for Leave to File Amended Complaint be **GRANTED**, (doc. no. 29), and thus, this case be **REMANDED** to the Superior Court of Burke County, Georgia, and this civil action be **CLOSED**.

Detailed knowledge of the factual and procedural history of this case is presumed. Briefly, Plaintiff Gary Jones was employed by the Waynesboro Police Department and in September of 2021, began to suspect money collected by the Waynesboro Municipal Court had been mishandled. (See generally doc. no. 1-1, Compl., pp. 14-15.) An outside consultant from Grovetown Municipal Court conducted training and an investigation and issued reports to Plaintiff regarding the Waynesboro Municipal Court Clerk and her assistants, which gave Plaintiff reason to believe his suspicions were correct. (Id. at 15.) Plaintiff reported to his supervisor certain Municipal Court funds could not be accounted for and provided two reports from the Grovetown consultant indicating non-compliance with certain state rules and regulations. (Id.) After providing this information to his supervisor, Plaintiff was fired on

October 20, 2021.  (Id.)

Plaintiff filed his Complaint in the Superior Court of Burke County on February 8, 2022, alleging violations of the Georgia Whistleblower Protection Act and 42 U.S.C. § 1983. (Doc. no. 1-1, p. 14.)  Defendants removed the action to federal court on March 11, 2022. (Doc. no. 1.)  The Court entered a Scheduling Order setting case deadlines.  (Doc. no. 11.) After resolution of a discovery issue and extensions of case deadlines, (doc. nos. 12, 16, 18, 27), the parties stipulated to the dismissal with prejudice of all claims against the individual Defendants, as well as dismissal of count two against Defendant City of Waynesboro, (doc. no. 25)  On November 21, 2022, Chief United States District Judge J. Randal Hall approved the stipulation of dismissal with prejudice of all individual Defendants and the claims against them, but Chief Judge Hall explained Plaintiff must seek leave to amend under Federal Rule of Civil Procedure 15 to dismiss count two.  (Doc. no. 28.)

The deadline for amending pleadings expired on May 17, 2022, (doc. no. 11), but on January 2, 2023, the parties requested leave to allow Plaintiff "to dismiss count two of his complaint against Defendant City of Waynesboro and to make other edits to the allegations." (Doc. no. 29, p. 1.)  The parties also acknowledge count two is the only remaining federal claim asserted in the case, but they request the Court, in its discretion, exercise its supplemental jurisdiction over the remaining state whistleblower claim.  (Id. at 2.)  In the alternative, they request the case be remanded to the Superior Court of Burke County.  (Id.)

"After the time to file an amendment as a matter of course expires, Federal Rule of Civil Procedure 15 allows a plaintiff to amend his complaint only with the opposing party's consent or leave of Court."  Wade v. Daniels, 36 F.4th 1318, 1328 (11th Cir. 2022).  Granting leave to amend is proper because although the motion is untimely under the Scheduling Order

2

deadlines, Defendant consents to the motion, and there is no evidence that Plaintiff has acted

in bad faith or that the amendment would be futile or subject Defendant to unfair prejudice.

See Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*)

(quoting Foman v. Davis, 371 U.S. 178, 182 (U.S. 1962)).   However, as the parties

acknowledge, the amendment will result in only one, state-law claim remaining.

The law is well-settled that federal courts may exercise supplemental jurisdiction over

state-law claims when the state claims "arise out of a common nucleus of operative fact with

a substantial federal claim."  Silas v. Sheriff of Broward Cnty., Fla., 55 F.4th 863, 865 (11th

Cir. 2022).  Notably, however, "concerns of federalism - namely, of federal courts of limited

jurisdiction weighing in on state law - counsel in favor of dismissing state-law claims after the

federal claims are dismissed."  Id. at 866; see also 28 U.S.C. § 1367(c)(3) ("The district courts

may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the

district court has dismissed all claims over which it has original jurisdiction. . . .").  As the

Eleventh Circuit Court of Appeals recently explained:

> We have encouraged district courts to dismiss any remaining state claims when,
> as here, the federal claims have been dismissed prior to trial.  The Supreme
> Court has also put a thumb on the scale:  [I]n the usual case in which all federal-
> law claims are eliminated before trial, the balance of factors . . . will point
> toward declining to exercise [pendent] jurisdiction . . . .   A district court,
> exercising its already broad discretion, will rarely err by declining supplemental
> jurisdiction after the federal claims that supported its jurisdiction are dismissed.

Silas, 55 F.4th at 866 (internal quotation marks and citations omitted); see also Owens-

Benniefield v. BSI Fin. Servs., 806 F. App'x 853, 860 (11th Cir. 2020) (*per curiam*) (affirming

district court dismissal of state-law claims when federal claims dismissed prior to trial as

"consistent with our precedent").

3

Plaintiff urges the Court to retain jurisdiction over the state-law claim, as "this case is not 'in its early stages' " because the parties have conducted extensive discovery. (Doc. no. 29, p. 2.) However, discovery is not set to close until April 4, 2023, with dispositive motions to follow by May 1, 2023. (Doc. no. 27.) As explained above, district courts have been encouraged to dismiss state law claims prior to trial. This case is nowhere near trial. Moreover, all of the discovery conducted to date will be available for use in the state courts. Also, the state-law whistleblower claim that will remain is best resolved by the Georgia courts. See Franklin v. Pitts, 826 S.E.2d 427, 433 (Ga. Ct. App. 2019) (parsing particularities of language in Georgia Whistleblower Act and distinguishing applicable state retaliation analysis from federal case law); Murray-Obertein v. Ga. Gov't Transparency and Campaign Fin. Comm., 812 S.E.2d 28, 30-31 (Ga. Ct. App. 2018) (distinguishing definitions of state and federal statutes applicable to whistleblower claims). Finally, the Court is not recommending dismissal of the state claim, but instead is recommending granting the parties' alternative request contained in the motion to amend to remand to the original forum chosen by Plaintiff to pursue his case.[1]

For these reasons, the Court **REPORTS** and **RECOMMENDS** the Joint Motion for Leave to File Amended Complaint be **GRANTED**. (Doc. no. 29.) If the presiding District Judge adopts this recommendation, Plaintiff should be required to file the amended complaint attached as an exhibit to the motion to amend as a stand-alone entry on the docket within seven days of the date of the adoption order. The Court further **REPORTS** and **RECOMMENDS**

---

[1]"At the very least, if the Court declines to exercise supplemental jurisdiction, the parties agree and respectfully request that this matter should be remanded to the Superior Court of Burke County, as opposed to being dismissed without prejudice." (Doc. no. 29, p. 2.)

that upon filing the amended complaint, this case be **REMANDED** to the Superior Court of

Burke County, Georgia, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of January, 2023, at Augusta,

Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA