**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| GARY JONES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: 1:22-CV-030 |
| v. | ) | |
| | ) | |
| CITY OF WAYNESBORO, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CITY OF WAYNESBORO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant City of Waynesboro and, pursuant to Federal Rule of Civil Procedure 15(a)(3), hereby files its Answer to Plaintiff's First Amended Complaint (the "Complaint"), showing the Court as follows.[1]

**FIRST DEFENSE**

Plaintiff fails to state a claim for relief.

[1] On February 13, 2023, the Court entered an Order to remand the above-styled action to the Superior Court of Burke County, Georgia (the "Remand Order"), in accordance with the Court's February 10, 2023 Order Adopting the Report and Recommendation of the Magistrate Judge. (*See* Doc. Nos. 32, 34.) Notwithstanding the Court's corresponding administrative closure of the above-styled action, Defendant files this Answer to Plaintiff's First Amended Complaint with the Court out of an abundance of caution, considering that the Superior Court of Burke County, Georgia, has not indicated to Defendant that it has received the Remand Order and/or taken steps to process same and re-open the action before the Superior Court.

**SECOND DEFENSE**

Plaintiff has failed to mitigate his damages, if any.

**THIRD DEFENSE**

Plaintiff's duties with Defendant included overseeing, supervising, and managing the operations and staff of the City's Municipal Court, and Plaintiff therefore made no disclosure nor engaged in any other activity protected under O.C.G.A. § 45-1-4.

**FOURTH DEFENSE**

Defendant has at all times acted in good faith with regard to Plaintiff and has not acted recklessly or maliciously with regard to his rights.

**FIFTH DEFENSE**

Plaintiff's employment with Defendant City of Waynesboro was terminated for legitimate, non-retaliatory reasons and, as such, did not violate O.C.G.A. § 45-1-4. Additionally, and/or alternatively, even were Plaintiff able to demonstrate that retaliation played a motivating part in the termination decision, the same action would have been taken for legitimate, non-retaliatory reasons.

**SIXTH DEFENSE**

Any disclosures—the existence of which are expressly denied—were made with knowledge that they were false or with reckless disregard for their truth or

falsity and/or Plaintiff lacked reasonable cause to believe that any action taken by Defendant was in violation or non-compliance with any law, rule, or regulation.

**SEVENTH DEFENSE**

Even if Plaintiff's alleged conduct could be considered a disclosure or otherwise protected activity, which Defendant expressly denies, his conduct was not a factor in Defendant's termination of Plaintiff's employment with Defendant.

**EIGHTH DEFENSE**

Defendant would have reached the same decision regarding the termination of Plaintiff's employment even in the absence of the alleged protected speech incident.

**NINTH DEFENSE**

The Complaint is subject to dismissal by the doctrines of laches, estoppel, justification, avoidable consequences, after-acquired evidence of misconduct that would have resulted in termination of employment, and/or unclean hands.

**TENTH DEFENSE**

Any damages suffered by Plaintiff, the existence of which are expressly denied, were the direct and proximate result of his own actions or inactions. Additionally, and/or alternatively, to the extent any employee, official, or other agent or representative of Defendant engaged in the conduct alleged—which Defendant expressly denies—Defendant neither authorized nor ratified said conduct, said

conduct was outside the scope of employment of said employee, official, agent, or representative, and Defendant is not otherwise vicariously liable for said conduct.

**ELEVENTH DEFENSE**

Defendant hereby reserves the right to amend this Answer and/or add additional affirmative defenses, or to withdraw affirmative defenses, after reasonable opportunity for appropriate discovery.

**TWELFTH DEFENSE**

Answering the numbered paragraphs of the Complaint:

1.

Defendant objects to the allegations in paragraph 1 of the Complaint because it is a narrative that fails to comply with Fed.R.Civ.P. 8(d)(1) and O.C.G.A. § 9-118(e)(1). To the extent an answer is required, Defendant denies the allegations generally, except as may be admitted below when the allegations are reasserted in separate statements by Plaintiff.

**PARTIES**

2.

Defendant has insufficient knowledge to admit or deny the allegations in paragraph 2 of the Complaint, and therefore denies same.

3.

Defendant admits that it is a municipal corporation organized and existing under the laws of the State of Georgia, and is situated in Burke County. Defendant denies the remaining allegations in paragraph 3 of the Complaint.

4.

Defendant admits the court could have exercised supplemental subject matter jurisdiction. Defendant denies the remaining allegations in paragraph 4 of the Complaint.

5.

Defendant admits the Court has personal jurisdiction over Defendant because it is a municipal corporation located in the State of Georgia. Defendant denies the remaining allegations in paragraph 5 of the Complaint.

6.

Defendant admits the allegations in paragraph 6 of the Complaint.

**FACTUAL ALLEGATIONS**

7.

Defendant admits the allegations in paragraph 7 of the Complaint.

8.

Defendant admits the allegations in paragraph 8 of the Complaint.

9.

Defendant has insufficient knowledge to admit or deny the allegations in paragraph 9 of the Complaint, and therefore denies same.

10.

Defendant admits in early September of 2021, Plaintiff asked his supervisor, Chief Burley, to request that the Georgia Bureau of Investigation (hereinafter "GBI") conduct an investigation. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11.

Defendant admits Chief Burley consulted with Vice Mayor James Jones regarding the requested investigation. Except as admitted, Defendant denies the allegations in paragraph 11 of the Complaint.

12.

Defendant admits Plaintiff suggested to Chief Burley that the City arrange for an employee of the City of Grovetown to provide some training to the Waynesboro Municipal Court and its employees. Defendant denies the remaining allegations in paragraph 12 of the Complaint.

13.

Defendant admits that on or about September 9, 2021, until on or about September 27, 2021, Laura McManus, whom Defendant understood was an

employee of the City of Grovetown, Georgia, provided reports to Plaintiff Jones. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 13 of the Complaint and thus denies same.

14.

Defendant admits that Exhibits "A," "B," and "C" to the Complaint are true and correct copies of Laura McManus's reports to Plaintiff, and that such reports speak for themselves. Defendant denies any remaining allegations of paragraph 14 of the Complaint.

15.

Defendant denies the allegations in paragraph 15 of the Complaint.

16.

Defendant admits on September 17, 2021, Plaintiff Jones reported to Burley that he could not account for approximately $64,000 in funds that had been collected, and provided Burley with McManus' first two reports, which speak for themselves. Except as admitted, Defendant denies the allegations of Paragraph 16 of the Complaint.

17.

Defendant admits that on or about September 27, 2021, Plaintiff Jones provided Chief Burley with McManus's final report. Except as admitted, Defendant denies the allegations of paragraph 17 of the Complaint.

18.

Defendant denies the allegations in paragraph 18 of the Complaint.

19.

The allegations of paragraph 19 of the Complaint are an excerpt from Georgia administrative regulations to which an answer is not required. To the extent an answer is required, Defendant denies any allegations contained therein.

20.

McManus's report of September 13 speaks for itself. Defendant denies any allegations in paragraph 20 of the Complaint.

21.

The allegations of paragraph 21 of the Complaint are an excerpt from Georgia administrative regulations to which an answer is not required. To the extent an answer is required, Defendant denies any allegations contained therein.

22.

McManus's report speaks for itself. Defendant denies any allegations in paragraph 22 of the Complaint.

23.

The allegations of paragraph 23 of the Complaint are an excerpt from Georgia administrative regulations to which an answer is not required. To the extent an answer is required, Defendant denies any allegations contained therein.

24.

McManus's report of September 13 speaks for itself. Defendant denies any allegations in paragraph 24 of the Complaint.

25.

McManus's report of September 17 speaks for itself. Defendant denies any allegations in paragraph 25 of the Complaint.

26.

McManus's reports of September 13 and September 17 speak for themselves. Defendant denies any allegations in paragraph 26 of the Complaint.

27.

The allegations of paragraph 27 of the Complaint are an excerpt from Georgia statutory law and an interpretation of an Opinion of the Attorney General of Georgia, to which an answer is not required. To the extent an answer is required, Defendant denies any allegations contained therein.

28.

McManus's report of September 17 speaks for itself. Defendant denies any allegations in paragraph 28 of the Complaint.

29.

McManus's report of September 27 speaks for itself. Defendant denies any allegations in paragraph 29 of the Complaint.

30.

Paragraph 30 of the Complaint is an excerpt from Georgia statutory law, to which an answer is not required. To the extent an answer is required, Defendant denies any allegations contained therein.

31.

McManus's report of September 13 speaks for itself. Defendant denies any allegations in paragraph 31 of the Complaint.

32.

McManus's report of September 27 speaks for itself. Defendant denies any allegations in paragraph 32 of the Complaint.

33.

Paragraph 33 of the Complaint is an assertion of Georgia statutory law, to which an answer is not required. To the extent an answer is required, Defendant denies any allegations contained therein.

34.

McManus's report of September 27 speaks for itself. Defendant denies any allegations in paragraph 34 of the Complaint.

35.

Paragraph 35 of the Complaint is an assertion of Georgia statutory law, to which an answer is not required. To the extent an answer is required, Defendant denies any allegations contained therein.

36.

McManus's report of September 27 speaks for itself. Defendant denies any allegations in paragraph 36 of the Complaint.

37.

McManus's report of September 27 speaks for itself. Defendant denies any allegations in paragraph 37 of the Complaint.

38.

McManus's report of September 27 speaks for itself. Defendant denies any allegations in paragraph 38 of the Complaint.

39.

Paragraph 39 of the Complaint consists of excerpts of Georgia administrative rules and an assertion of law, to which an answer is not required. To the extent an answer is required, Defendant denies any allegations contained therein.

40.

Defendant denies the allegations of paragraph 40 of the Complaint.

41.

Plaintiff's termination letter speaks for itself, and Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.

Defendant denies the allegations of paragraph 42 of the Complaint.

43.

Paragraph 43 of the Complaint consists of excerpts of Georgia administrative rules and an assertion of law, to which an answer is not required. To the extent an answer is required, Defendant denies any allegations contained therein.

44.

Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 44 of the Complaint and therefore denies same.

45.

Defendant denies the allegations in paragraph 45 of the Complaint.

46.

Defendant admits that Plaintiff Jones suggested to Chief Burley that he could bring in an employee of the City of Grovetown, Georgia to provide some training. Except as admitted, Defendant denies the allegations of paragraph 46 of the Complaint.

47.

Defendant admits that Chief Burley gave permission to Plaintiff to arrange for training. Except as admitted, Defendant denies the allegations of paragraph 47 of the Complaint.

48.

Defendant denies the allegations in paragraph 48 of the Complaint.

49.

Defendant denies the allegations in paragraph 49 of the Complaint.

50.

Defendant admits the allegations in paragraph 50 of the Complaint.

51.

Defendant admits that Plaintiff claimed he could not account for $16,449.13 in funds and that Defendant could not account for $2,376.70. Except as admitted, Defendant denies the allegations in paragraph 51 of the Complaint.

52.

Defendant denies the allegations in paragraph 52 of the Complaint.

53.

Defendant denies the allegations in paragraph 53 of the Complaint.

54.

Defendant denies the allegations in paragraph 54 of the Complaint.

55.

Defendant admits that, on October 20, 2021, Chief Burley issued a letter to Plaintiff terminating him from his employment with the City. Defendant denies the remaining allegations in paragraph 55 of the Complaint.

56.

Defendant denies the allegations in paragraph 56 of the Complaint.

57.

Defendant admits a true and accurate copy of Plaintiff's termination letter is attached to the Complaint as Exhibit D and asserts that such document speaks for itself. Except as admitted, Defendant denies the allegations in paragraph 57 of the Complaint.

**COUNT I: ALLEGED UNLAWFUL RETALIATION (O.C.G.A. § 45-1-4)**

58.

Defendant incorporates as if fully set forth herein, their defenses and responses to the paragraphs of the Complaint preceding paragraph 58 of the Complaint.

59.

Defendant admits the allegations in paragraph 59 of the Complaint.

60.

Defendant admits the allegations in paragraph 60 of the Complaint.

61.

Defendant denies the allegations in paragraph 61 of the Complaint.

62.

Defendant denies the allegations in paragraph 62 of the Complaint.

63.

Defendant denies the allegations in paragraph 63 of the Complaint.

64.

Defendant admits that Plaintiff forwarded to Burley information regarding nine (9) purported noncompliance with laws or rules. Except as admitted, Defendant denies the allegations in paragraph 64 of the Complaint.

65.

Defendant denies the allegations in paragraph 65 of the Complaint.

66.

Defendant admits Plaintiff was an employee of the City of Waynesboro and asserts that his January 11, 2021 performance review speaks for itself. Except as admitted, Defendant denies the allegations in paragraph 66 of the Complaint.

67.

Defendant admits that Exhibit E is a true and correct copy of Plaintiff's January 2021 performance review. Except as admitted, Defendant denies the allegations in paragraph 67 of the Complaint.

68.

Defendant denies the allegations in paragraph 68 of the Complaint.

69.

Defendant denies the allegations in paragraph 69 of the Complaint.

70.

Answering the unnumbered paragraph following paragraph 70 of the Complaint, Defendant denies each and every allegation therein and further denies Plaintiff is entitled to any relief whatsoever from Defendant.

71.

Defendant denies any and all unanswered allegations of the Complaint.

WHEREFORE having fully answered the Complaint, Defendant requests that the Complaint be dismissed, and that Defendant be awarded appropriate legal and equitable relief.

Respectfully submitted this 24th day of February 2023.

*/s/ Douglas H. Duerr*
Douglas H. Duerr
Georgia Bar No.: 231772
Daniel F. Barrett (*Pro Hac Vice*)
Georgia Bar No.: 475652

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303

(404) 659-6700
(404) 222-9718 (Facsimile)
duerr@elarbeethompson.com
barrett@elarbeethompson.com

*/s/ Randolph Frails*
Randolph Frails
Georgia Bar No. 272729
Delia M. DeBlass
Georgia Bar No. 252534

FRAILS & WILSON, LLC
211 Pleasant Home Road, Suite A1
Augusta, Georgia 30907
Telephone: 706-855-6715
Facsimile: 706-855-7631
randyfrails@frailswilsonlaw.com
delia@frailswilsonlaw.com

*Counsel for Defendant City of Waynesboro*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

GARY JONES )
)
Plaintiff, )
) CIVIL ACTION NO.: 1:22-CV-030
v. )
)
CITY OF WAYNESBORO, )
)
Defendant. )

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANT CITY OF WAYNESBORO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was filed using the Court's CM/ECF System, which will automatically send email notification of such filing to all attorneys of record.

Respectfully submitted, this 24th day of February 2023.

*/s/ Douglas H. Duerr*
Douglas H. Duerr
Georgia Bar No.: 231772

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
duerr@elarbeethompson.com

*Counsel for Defendant*